■ JUDITH WASSERMAN et al., Respondents, v STEVEN M. GODOY et al., Respondents, and THE CANYON CLUB, INCORPORATED, Appellant.—In an action to recover damages for personal injuries, the defendant The Canyon Club, Inc., appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated March 25, 1987, which denied its motion for summary judgment dismissing the complaint and cross claims as against it.

Ordered that the order is affirmed, with costs.

The plaintiffs were injured in an accident in which their vehicle was struck head on by the defendant Godoy's vehicle, which had crossed the double yellow line and entered the opposing lane of traffic at an allegedly high rate of speed. Testimony at the defendant Godoy's criminal trial for driving while intoxicated and in depositions for the instant civil suit reveals that he had spent the afternoon preceding the accident at an "outing" sponsored by his employer, the defendant Main Hurdman and Co., on the premises of the defendant The Canyon Club, Inc. (hereinafter the Canyon Club).

The plaintiffs sued the defendant Canyon Club for having served alcoholic beverages to the defendant Godoy at a time when he was already actually, apparently or visibly intoxicated, in violation of Alcoholic Beverage Control Law § 65 and General Obligations Law § 11-101.

The defendant Canyon Club moved for summary judgment dismissing the plaintiffs' complaint and the codefendants' cross claims as to it, alleging that no proof had been adduced demonstrating that it served alcohol to the defendant Godoy while he was visibly intoxicated, and that the plaintiffs' attempt to infer that this occurred by circumstantial evidence must fail because it is only one of several plausible explanations for the defendant Godoy's ostensibly inebriated condition at the scene of the accident. Thus, argued the Canyon Club, Godoy might have become intoxicated in his car or at another bar after leaving its establishment.

On a motion for summary judgment, "[t]he burden on the court is not to resolve material issues of fact, but merely to determine whether such issues exist" *(French v Cliff's Place, 125 AD2d 292, 293)*. Here there is a clear issue of fact as to whether the defendant Godoy was intoxicated at the scene of the accident and, if so, whether he had been served liquor at the Canyon Club while, at some stage, he was actually or apparently intoxicated. Certainly from the undisputed facts that the defendant Godoy had spent the afternoon at the Canyon Club, which had featured an open bar at which he admits he consumed at least one drink, and that approximately 30 minutes after leaving the club he was described as being intoxicated by two police officers, a jury might reasonably infer that Godoy had become intoxicated at the Canyon Club. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.