■ LISA MARTINEZ, Appellant-Respondent, v JAMES CAMARDELLA, Respondent-Appellant, and PUTNAM COUNTY COUNTRY CLUB, INC., et al., Respondents, et al., Defendants.—Casey, J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Braatz, J.), entered July 12, 1988 in Putnam County, upon a verdict rendered in favor of plaintiff on the issue of liability against defendant James Camardella.

In this action, plaintiff seeks to recover damages for injuries sustained as the result of a one-car accident which occurred at the conclusion of a wedding reception attended by the driver and occupants of the vehicle. At trial, there was evidence presented from which the jury could reasonably conclude that the driver, defendant James Camardella (hereinafter defendant), was intoxicated, drove erratically and at a high rate of speed, and failed to comply with a stop sign, causing his vehicle to skid through an intersection, over an embankment and into a swampy area. Accordingly, we find no merit in defendant's claim that the jury's verdict on the issue of liability is against the weight of the evidence.

We also reject plaintiff's claim that Supreme Court erred in denying her motion for a directed verdict on her negligence cause of action against the corporations which owned and operated the facility where the wedding reception was held (hereinafter the golf club). Plaintiff's complaint against the golf club alleged causes of action based upon the Dram Shop Act (General Obligations Law § 11-101) and negligence arising out of the golf club's service of alcoholic beverages to defendant during the wedding reception. At the close of plaintiff's proof, the golf club's motion to dismiss the Dram Shop Act cause of action was granted, and counsel for the golf club then

left the courtroom. Defendant presented his case, and before the jury returned with a verdict, plaintiff moved for a directed verdict based upon the golf club's default in failing to defend the negligence cause of action. Since plaintiff was seeking a judgment by default, notice to the defaulting parties was required (CPLR 3215 [f] [1]). In any event, plaintiff was required to show the facts constituting the claim (CPLR 3215 [e]; *see, Muhlhahn v Triple Cee Bar & Rest. Supply Co.,* 133 AD2d 996), and this she has failed to do. Since the accident occurred on a public highway after defendant had left the area which was under the golf club's supervision and control, liability in negligence cannot be imposed on the golf club *(see, D'Amico v Christie,* 71 NY2d 76, 85-86).

As to the Dram Shop Act cause of action, we agree with plaintiff that the evidence presented by her was sufficient to make out a prima facie case against the golf club. Several of plaintiff's witnesses testified that they observed defendant with a drink in his hand on a number of occasions during the five-hour wedding reception. Although none of the witnesses could say what was in the drinks, or how many drinks defendant had or even that defendant drank all of the drinks they saw in his hand, the witnesses expressed the opinion that defendant became intoxicated during the reception. Plaintiff, who accompanied defendant to the reception, testified that during the reception defendant "was kind of just sitting around and then he was at the bar and walking around". At various times she saw him drinking something from a glass, and she recalled seeing him with two glasses of different sizes. In defendant's examination before trial presented during plaintiff's case, defendant stated that he had nothing alcoholic to drink before the reception and he admitted that he drank alcoholic beverages at the reception, although he did not know how many.

The Dram Shop Act speaks in terms of unlawfully selling alcohol *(D'Amico v Christie, supra,* at 84) and, therefore, must be read in conjunction with Alcoholic Beverage Control Law § 65 *(see, e.g., Campbell v Step/Lind Rest. Corp.,* 143 AD2d 111). At the time of the accident herein, the latter statute prohibited the sale of alcoholic beverages to "[a]ny intoxicated person or to any person, actually or apparently under the influence of liquor" (Alcoholic Beverage Control Law § 65 [former (2)]). Viewed in the light most favorable to plaintiff, her proof, including the evidence above, showed that defen-

dant consumed alcoholic beverages at the wedding reception and that although the quantity of drinks could not be determined with any specificity, he drank enough to become apparently intoxicated during the reception. Thus, a prima facie case was presented *(see, Lippman v Hines,* 138 AD2d 845). We reject the golf club's argument that plaintiff was required to present direct evidence of the actual amount of alcohol consumed by defendant and proof that a golf club employee actually observed defendant to be in an intoxicated condition when he was served an alcoholic beverage *(see, Wasserman v Godoy,* 136 AD2d 631). Accordingly, the judgment should be modified by reversing so much thereof as dismissed plaintiff's Dram Shop Act cause of action.

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed the second cause of action in the amended complaint; said cause of action reinstated and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.