■ BONNIE CUSTEN et al., Appellants, v SALTY DOG, INC., Defendant and Third-Party Plaintiff-Respondent. ROBERT LYNCH et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burstein, J.), entered July 31, 1989, as granted that branch of the defendant Salty Dog, Inc.'s motion which was for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

While driving home from his job at a restaurant-bar, owned by the defendant Salty Dog, Inc., where he was employed as assistant manager, the defendant Robert Lynch was involved in an accident on the Meadowbrook Parkway which resulted in injuries to the plaintiffs. Lynch was subsequently convicted of driving while intoxicated. While he admitted to consuming a number of beers during the course of his work shift and after closing, he did not pay for any of these beers and, in fact, it was the restaurant's policy to give an employee one free drink after work. The plaintiffs commenced this action against the defendant restaurant pursuant to General Obligations Law § 11-101 (The Dram Shop Act).

In order for a commercial vendor of alcohol to be held liable under General Obligations Law § 11-101 there must be a "sale" of alcohol under General Obligations Law § 11-101 (see, D'Amico v Christie, 71 NY2d 76, 83-84). Here, there was no "sale" of alcohol within the meaning of General Obligations Law § 11-101 and Alcoholic Beverage Control Law §§ 65 and 3 (28) (see, Edgar v Kajet, 55 AD2d 597; Joly v Northway Motor Car Corp., 132 AD2d 790). Therefore, the defendant restaurant cannot be held liable under these statutes and summary judgment dismissing the complaint insofar as asserted against

it was appropriate *(see, Smith v Guli,* 117 AD2d 1017). Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.