■ Ann M. Donato, Appellant, v Thomas H. McLaughlin et al., Defendants, and Carm's Place, Inc., Respondent. (And a Third-Party Action.) [599 NYS2d 754] —Levine, J. Appeal from an order of the Supreme Court (Conway, J.), entered July 29, 1992 in Albany County, which granted a motion by defendant Carm's Place, Inc. for summary judgment dismissing the complaint against it.

On December 18, 1988 at approximately 6:30 A.M., a pickup truck driven by defendant Thomas H. McLaughlin collided with an automobile being driven by plaintiff. Plaintiff commenced this action against McLaughlin and defendant Carm's

Place, Inc., a tavern McLaughlin had visited earlier in the evening, alleging common-law negligence and a violation of General Obligations Law § 11-101 (the Dram Shop Act). Subsequently, Carm's Place commenced a third-party action for indemnification/contribution against Bon De Holding Corporation, doing business as The Den, another tavern McLaughlin had visited that evening. Plaintiff thereafter brought a direct action against The Den.

After pretrial discovery was conducted, Carm's Place moved for summary judgment dismissing plaintiff's complaint and all cross claims against it. Supreme Court granted the motion, holding that Carm's Place had submitted sufficient evidence to satisfy its burden of negating an illegal sale of alcohol and that plaintiff failed to present evidence which would tend to show that McLaughlin was visibly intoxicated when he was served alcohol at Carm's Place, thereby failing to raise a question of fact as to whether an illegal sale took place. Plaintiff now appeals.

The order should be affirmed. To establish the liability of Carm's Place for a violation of General Obligations Law § 11-101 (1), plaintiff was required to prove that Carm's Place sold alcohol to a "visibly intoxicated person" (Alcoholic Beverage Control Law § 65 [2]). In support of its motion for summary judgment, Carm's Place submitted examination before trial testimony of McLaughlin, Anna De Stefano, the president, sole owner and manager of Carm's Place, and Michael Cox, the owner and manager of The Den, as well as affidavits from De Stefano and her daughter, Carol Ann Adams, who was working as a bartender at Carm's Place on the night in question.

McLaughlin testified that from early evening until approximately 10:30 P.M. on Saturday, December 17, 1988, he and his wife attended a Christmas party at a friend's house at which he consumed two or three cans of beer. He then drove to The Den, where he and his wife remained for approximately 45 minutes and he consumed one beer. McLaughlin then drove to pick up his son and dropped off his son and wife at home between midnight and 1:00 A.M. He went to another bar where he consumed less than one beer, leaving approximately 20 to 30 minutes later. He then went to Carm's Place where he consumed either one or two beers and, around 3:00 A.M., drove to The Den.

De Stefano testified that her daughter, Adams, served McLaughlin one bottle of beer which he consumed, and that

De Stefano later served him a second beer shortly after 3:00 A.M. which he did not drink. De Stefano testified that McLaughlin was at Carm's Place standing at the bar talking with many different people from approximately 2:30 A.M. until he left at 3:40 A.M., that she observed his behavior during that time and engaged in conversation with him, that he was not visibly intoxicated at any time and there was nothing unusual about the manner in which he spoke. Adams stated in an affidavit that she served McLaughlin one beer, that she observed him speaking and that he did not slur his words or shout, and that he was not visibly intoxicated. De Stefano and Adams have been trained to recognize when a person is visibly intoxicated.

McLaughlin further testified that he drove directly from Carm's Place to The Den, arriving at approximately 3:05 A.M., where he remained until closing around 4:30 A.M. He consumed "a few", probably two, bottles of beer, conversed with the bartender (who was not deposed) for a while until Cox returned around 4:00 A.M.; around 4:30 A.M. Cox and McLaughlin drove their cars to Cox's home a block away. Cox testified that he was at The Den from 2:00 A.M. until 4:00 A.M. and that McLaughlin—who he had known for 25 years—was not there during that time period; when Cox returned around 4:25 A.M. from driving someone home, he saw McLaughlin at the front door talking to the bartenders who were closing the tavern. Cox testified that defendant was visibly intoxicated at that time.

Cox and McLaughlin then drove to Cox's home, where, according to McLaughlin, he consumed "a couple" beers. Cox testified that McLaughlin left for home 1½ to 2 hours later while still in a visibly intoxicated condition. The accident occurred when McLaughlin was on his way home; he did not recall the events immediately preceding the collision, testifying that he believed he fell asleep while driving.

The foregoing testimony and affidavits of De Stefano and Adams regarding McLaughlin's appearance and alcohol consumption at Carm's Place were sufficient to negate the necessary element of a Dram Shop cause of action that McLaughlin was visibly intoxicated when served alcohol at Carm's Place, thereby shifting the burden to plaintiff to come forward with proof in admissible form sufficient to create a question of fact as to whether an illegal sale took place (see, Terbush v Buchman, 147 AD2d 826, 827). Plaintiff failed to do so. As Supreme Court correctly determined, "no evidence [was] tendered which would tend to show that * * * McLaughlin was

visibly intoxicated while he was in Carm's Place", e.g., testimony of the many patrons present at Carm's Place, or of the bartenders or patrons of The Den, and, under *Terbush v Buchman (supra),* plaintiff's Dram Shop cause of action must be dismissed. The evidence, viewed most favorably to plaintiff *(see, Martinez v Camardella,* 161 AD2d 1107, 1108-1109), failed to show even circumstantially that McLaughlin was visibly intoxicated at Carm's Place. The evidence established that the accident occurred nearly three hours or more after he left Carm's Place. Further, McLaughlin was first seen in a "visibly intoxicated" condition at 4:25 A.M., almost an hour after his latest time of departure from Carm's Place, and consumed further alcohol at Cox's home prior to the 6:30 A.M. collision *(see, Terbush v Buchman, supra).* On the evidence presented, there is no basis on which to infer that McLaughlin was visibly intoxicated when served, according to the testimony, at most two beers at Carm's Place *(see, supra; cf., Nesbitt v Jackson,* 178 AD2d 931; *Fiegl v 1695 Ridge Rd. Webster Inn Rest.,* 162 AD2d 1024; *Martinez v Camardella, supra; Wasserman v Godoy,* 136 AD2d 631). Accordingly, Supreme Court properly dismissed plaintiff's Dram Shop cause of action against that defendant.

Additionally, because the accident occurred on a public road long after McLaughlin had left the area that was under the supervision and control of Carm's Place, plaintiff's common-law negligence cause of action was properly dismissed *(see, D'Amico v Christie,* 71 NY2d 76, 85; *Martinez v Camardella, supra,* at 1108; *Wright v Sunset Recreation,* 91 AD2d 701).

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.