■ RUTH CARR, Individually and as Administratrix of the Estate of ALBERT CARR, Deceased, Appellant, v BRUCE E. KAIFLER et al., Defendants, and J.J. CHARLIES, Respondent. RUTH CARR, Individually and as Administratrix of the Estate of ALBERT CARR, Deceased, Appellant, v INGED RESTAURANT, INC., Respondent. [601 NYS2d 8] —In two consolidated actions to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated March 23, 1990, as granted the motion of the defendants J.J. Charlies

and Inged Restaurant, Inc., for summary judgment dismissing the complaints insofar as they are asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

While driving home from his bartending job at a restaurant-bar, owned and operated by the defendants J.J. Charlies and Inged Restaurant, Inc., the defendant Bruce E. Kaifler was involved in an accident on Laurel Road in Huntington, which resulted in injuries to the plaintiff's decedent, Albert Carr. (Carr subsequently died of causes unrelated to the accident.) Kaifler pleaded guilty to driving while intoxicated (two counts) and vehicular assault, and at his deposition admitted to drinking two "Black Russians" and two Grand Marniers after the bar closed for business at 4:00 A.M.. He stated that he did not pay for any of the drinks he consumed. Although the complaints in these actions are not explicit, it is apparent that the respondents have been sued pursuant to General Obligations Law § 11-101 (The Dram Shop Act) and Alcoholic Beverage Control Law § 65. On this appeal, the plaintiff contends that the court erred in its interpretation of Alcoholic Beverage Control Law § 65 when it dismissed the complaints insofar as asserted against these defendants on the ground that there was no sale of alcohol. We disagree.

While General Obligations Law § 11-101 must be read in conjunction with Alcoholic Beverage Control Law § 65 (see, Wellcome v Student Coop., 125 AD2d 393), the latter is only the criminal counterpart to the former (see, Greer v Ferrizz, 118 AD2d 536, 539), and does not create an independent statutory cause of action (see, Greer v Ferrizz, supra; Moyer v Lo Jim Cafe, 19 AD2d 523, affd 14 NY2d 792). Consequently, the plaintiff's reliance on Alcoholic Beverage Control Law § 65 is misplaced. In any event, the unrebutted deposition testimony of the parties shows that there was no "sale" of alcoholic beverages by the respondents to Kaifler, and we thus conclude that the court properly granted summary judgment (see, D'Amico v Christie, 71 NY2d 76; Custen v Salty Dog, 170 AD2d 572).

The plaintiff's remaining contentions are meritless. We note that we have examined the respondents' contention regarding the state of the record and decline their invitation to dismiss the appeal and sanction the plaintiff (see, 22 NYCRR 670.22). Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.