■ JEANETTE RYAN et al., Appellants, v BIG Z CORPORATION, Doing Business as STARR'S OF ALBANY, et al., Respondents. [619 NYS2d 649] —Casey, J. Appeal from an order of the Supreme Court (Teresi, J.), entered January 20, 1994 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

This action arises out of an altercation at a restaurant owned by defendant Big Z Corporation (hereinafter defendant) in the City of Albany during which plaintiff Jeanette Ryan (hereinafter plaintiff) was punched in the face by defendant Rocco Di Scanio. According to plaintiffs, they entered the restaurant and found seats at a table on the patio. Shortly thereafter the patio became crowded, and a group which included Di Scanio began to put their empty beer bottles on the table where plaintiffs were seated. Plaintiff asked a member of the group to put their bottles elsewhere. The group responded with laughter and increased the frequency with which they placed empty beer bottles on the table where plaintiffs were seated. When plaintiff began placing the empty

bottles on the floor under the table, Di Scanio allegedly approached plaintiff, called her a "bitch" and punched her in the face, breaking her nose.

Plaintiffs commenced this action against defendant and Di Scanio. The only causes of action in the complaint relevant to this appeal are those which allege a violation of the Dram Shop Act and negligent supervision against defendant. We agree with Supreme Court that defendant met its burden as the proponent of the motion for summary judgment by submitting evidentiary proof in admissible form to establish its entitlement to judgment as a matter of law on both causes of action. We also agree with Supreme Court that plaintiff failed to submit sufficient evidence to create a question of fact on the issue of negligent supervision. Plaintiffs argue that the restaurant should have anticipated the incident, but plaintiff Stephen W. Ryan, who had seven years of experience in the bar business, admitted that he did not attempt to leave or seek assistance from restaurant personnel prior to the assault because he did not think anything serious was going to occur. Defendant could not reasonably be expected to have anticipated or prevented such a spontaneous assault (see, Garofalo v Henrietta Italia, 175 AD2d 580).

We reach a contrary conclusion as to the Dram Shop cause of action (see, General Obligations Law § 11-101 [1]). To establish their claim, plaintiffs must prove that the restaurant sold alcohol to a visibly intoxicated person (Alcoholic Beverage Control Law § 65 [2]). Although Di Scanio's unprovoked assault is, in and of itself, insufficient to create a question of fact as to his intoxication (see, Gonyea v Folger, 133 AD2d 964), plaintiffs also submitted evidence from three witnesses who observed Di Scanio prior to the assault. Stephen Ryan testified that it was obvious Di Scanio and his companions had been drinking before they arrived at the restaurant. He based his conclusion upon their demeanor and his years of experience in the bar business. He described Di Scanio as having "a very good buzz" based upon Di Scanio's general rowdiness and glassy eyes, and his participation in the bottle incident and sudden display of anger. Based upon her experience as a nurse and knowledge of how intoxicated people act in terms of their loud voices, slurred speech and decreased inhibitions, plaintiff testified that she observed Di Scanio for a period of time and was of the opinion that he was intoxicated. A third person who was with plaintiffs at the restaurant also expressed her opinion that Di Scanio was intoxicated based upon her obser-

vations of the loud, rude, boisterous and aggressive behavior of Di Scanio and his companions.

An ordinary witness is competent to express an opinion as to whether he or she or any other person was intoxicated *(Allan v Keystone Nineties,* 74 AD2d 992). "The exception under which the opinion of an ordinary witness may be received is said to rest upon the necessity of the case, for it often happens that it is quite impossible for a witness to describe in detail all the pertinent facts in such a manner as to enable a jury to form a conclusion without the opinion of the witness" (Richardson, Evidence § 363, at 327-328 [Prince 10th ed]). Thus, "lay witnesses who have sufficiently observed the actions of a person may testify categorically that the latter was sober or intoxicated" *(Burke v Tower E. Rest.,* 37 AD2d 836). We are of the view that the opinion evidence of Di Scanio's intoxication was sufficient to create a question of fact, and it is for the jury to determine the weight to be given to that evidence, considering the witnesses' observations upon which their opinions were based and their obvious interest in the outcome of the case. The evidence of Di Scanio's intoxication prior to the assault, together with the evidence of the relatively brief period of time that Di Scanio and his companions were in the restaurant prior to the assault and the undisputed evidence that Di Scanio purchased at least one round of drinks and was observed with a bottle of beer in his hand, is sufficient to raise a question of fact on the issue of defendant's liability under the Dram Shop Act *(see, Martinez v Camardella,* 161 AD2d 1107; *Jarzabek v Tucci,* 155 AD2d 908).

Mikoll, J. P., Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Big Z Corporation dismissing the Dram Shop cause of action against it; said motion denied to that extent; and, as so modified, affirmed.