■ DAVID FISHMAN, Respondent, v CHRISTOPHER BEACH et al., Defendants, and HAJ ENTERTAINMENT, INC., Doing Business as QUINTESSENCE, Appellant. [625 NYS2d 730] —Peters, J.

Appeal from an order of the Supreme Court (Teresi, J.), entered June 29, 1994 in Albany County, which denied a motion by defendant HAJ Entertainment, Inc. for summary judgment dismissing the complaint against it.

This action arises as a result of personal injuries sustained by plaintiff after he left a restaurant/bar owned by defendant HAJ Entertainment, Inc., doing business as Quintessence (hereinafter Quintessence), on the evening of May 18, 1991. Plaintiff contends that after a verbal confrontation with defendant Christopher Beach and his companion on or about the outdoor steps of Quintessence, plaintiff and Beach became involved in an altercation occurring approximately 60 to 100 feet from the entrance to the restaurant/bar. During such altercation, plaintiff contends that he was caused to enter Madison Avenue and was struck by a car driven by defendant Gino M. Masciotra.

Plaintiff thereafter commenced the instant action against Beach, Masciotra and Quintessence alleging, *inter alia,* a violation of General Obligations Law § 11-101 (the Dram Shop Act) and common-law negligence. Supreme Court denied the motion of Quintessence for summary judgment seeking dismissal of all claims against it.

To sustain a claim under the Dram Shop Act, plaintiff must establish that the vendor unlawfully sold alcohol to an intoxicated person *(see,* General Obligations Law § 11-101 [1]). At the time of the instant accident, an unlawful sale was defined as the sale of alcohol to a "visibly intoxicated person" (Alcoholic Beverage Control Law § 65 [2], as amended by L 1986, ch 750, § 1). Hence, on a motion for summary judgment, Quintessence bore the initial burden of establishing entitlement to judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557; *Meizinger v Akin,* 192 AD2d 1011, *lv denied* 82 NY2d 661) and, once satisfied, the burden thereby shifted to plaintiff to produce evidentiary proof in admissible form to establish the existence of a triable issue of fact *(see, supra).*

In support of the instant motion, Quintessence offered the deposition transcript of its bartender to establish that there was a policy in existence at the time which dictated the procedures to be followed when a patron was either becoming intoxicated or was already intoxicated. The bartender testified that he was not aware of any incidents which occurred in Quintessence on the night of May 17, 1991 or during the early morning hours of May 18, 1991. He further testified that no complaints regarding the presence of an intoxicated person on Quintessence's premises were brought to the attention of

himself or other staff employed by Quintessence.* Quintessence further annexed the deposition testimony of both David Dolowich and Cynthia Markowitz, patrons accompanying Beach, which indicated that Beach was not acting visibly intoxicated at any time during that evening. Portions of plaintiff's deposition testimony further indicated that plaintiff did not encounter Beach until he left the restaurant. We find that such evidence clearly satisfied Quintessence's initial burden on the motion for summary judgment.

In opposition thereto, plaintiff set forth his own affidavit detailing that Beach was in a visibly intoxicated condition while standing on the outdoor steps of Quintessence and annexed portions of the deposition transcript of Dolowich, which indicated that Beach was present at Quintessence for approximately 1½ hours during which time he consumed between four and five alcoholic beverages. Plaintiff further submitted an affidavit by a neurologist, Sheldon Staunton, who opined that based upon an affidavit of service describing Beach to be approximately 5 feet 8 inches tall, weighing approximately 145 pounds, his consumption of four or five alcoholic beverages within this undisputed time period would result in actual intoxication.

Viewed in the light most favorable to plaintiff *(see, Donato v McLaughlin,* 195 AD2d 685), we find that in the absence of any testimony from Beach, plaintiff has sustained his burden of establishing the existence of a triable issue of fact as to whether Beach was intoxicated at the time of the altercation and if so, whether he had been served alcoholic beverages at Quintessence while he was in a "visibly intoxicated" condition *(see, Ryan v Big Z Corp.,* 210 AD2d 649; *Wasserman v Godoy,* 136 AD2d 631). Accordingly, we reject the contentions raised by Quintessence that on this motion for summary judgment, plaintiff was required to present direct evidence of the actual amount of alcohol consumed by Beach and that one of its employees had to have actually observed Beach to be in a "visibly intoxicated" condition when served with such beverages *(see, Martinez v Camardella,* 161 AD2d 1107, 1108; *Wasserman v Godoy, supra).*

As to the cause of action alleging common-law negligence, we reverse. While clearly Quintessence had a duty to act in a reasonable manner to control the conduct of persons on its

---

* However, such deposition testimony indicated that there was at least one other bartender working on the evening in question.

premises such as to prevent harm to its patrons *(see, Marianne OO. v C & M Tavern,* 180 AD2d 998), "[d]efendant's duty * * * was limited to conduct on its premises which it had the opportunity to control and of which it was reasonably aware" *(supra,* at 999).

The evidence submitted by both parties established that there was no incident which arose while the parties were inside of the premises and, therefore, defendant's duty to control the conduct of Beach was limited only to that conduct of which it was reasonably aware. The facts show that while there was a verbal exchange on the outdoor steps of such premises while music played inside, the record does not reflect that a doorman was stationed there at that time or that Quintessence personnel were informed of any need for assistance. Moreover, the physical altercation which ultimately resulted in plaintiff's injuries indisputably occurred no less than 60 to 100 feet from such premises in a city street. We therefore find that Quintessence cannot be held to a duty "to control the conduct of patrons in consuming alcoholic beverages * * * beyond the area where supervision and control may reasonably be exercised" *(Wright v Sunset Recreation,* 91 AD2d 701). Accordingly, we dismiss plaintiff's common-law negligence cause of action against Quintessence.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant HAJ Entertainment, Inc. for summary judgment on the common-law negligence claim; motion granted to that extent, summary judgment awarded to said defendant and the common-law negligence claim is dismissed; and, as so modified, affirmed.