■ Richard C. Stevens, Jr., Appellant-Respondent, v Spec, Inc., Doing Business as Max's, et al., Respondents-Appellants, et al., Defendant. [637 NYS2d 979] —Crew III, J. Cross appeals from an order of the Supreme Court (Rumsey, J.), entered April 17, 1995 in Tompkins County, which partially granted a motion by defendants Spec, Inc. and Douglas Layaw for summary judgment dismissing the amended complaint against them.

This action arises out of an altercation at a nightclub owned and operated by defendant Spec, Inc. in the City of Ithaca, Tompkins County, during the course of which plaintiff was struck in the face with a beer bottle by defendant John Ryan. On the evening in question, plaintiff and several of his friends went to the nightclub to attend a performance of a band. The nightclub, not having its own sound system, contracted with Ryan to provide one. When the band finished its performance, plaintiff walked to the stage to speak with one of the band members. At that point, Ryan approached plaintiff and directed him to move away from the stage area. After an exchange of words, in which plaintiff expressed an unwillingness to leave, Ryan struck plaintiff on the left side of the face with a beer bottle.

Plaintiff commenced this action against Spec and Douglas Layaw, Spec's president and sole officer, and Ryan, asserting that defendants were liable for assault, negligence and violation of General Obligations Law § 11-101 (1). After Spec and Layaw (hereinafter collectively referred to as defendants) answered and Layaw and plaintiff were deposed, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion as to the first cause of action and denied it as to the remaining two causes of action. Defendants appeal and plaintiff cross-appeals.

Plaintiff's first cause of action was for assault and battery by Ryan who, plaintiff claimed, was an employee or agent of Spec. Supreme Court dismissed this cause of action on the basis that Ryan was an independent contractor, a determination with which we agree. It is well established that a person who hires an independent contractor is not liable for injury caused to a third party by the independent contractor's negligent acts (*see, Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 668). Whether an individual is an independent contractor or employee must be determined on an ad hoc basis (*see, Matter of Want Ad Digest [Roberts]*, 105 AD2d 895, 896) and typically involves a question of fact as to who controls the methods and

means by which the work is to be done (*see, e.g., Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049). Also of importance, however, is whether the employer furnishes the tools or equipment, whether payments are made in lump sums and whether Social Security withholdings and taxes are withheld from such payments (*see, Matter of Etherington v Empire Improvements*, 55 AD2d 762).

The record here makes clear that the nightclub did not have its own sound equipment for the bands it hired, thus requiring Spec to hire individuals or companies to provide such equipment. When Spec hired Ryan for that purpose, he was paid a flat fee, no taxes or Social Security withholdings were deducted from such fee, Ryan was provided no workers' compensation or other benefits and Spec did not direct or control the manner in which Ryan set up or operated the sound system. Plaintiff having provided no evidence contradicting the aforesaid proof, Supreme Court properly determined, as a matter of law, that Ryan was an independent contractor (*see, Lazo v Mak's Trading Co.*, 199 AD2d 165, 166, *affd* 84 NY2d 896).

We do, however, disagree with Supreme Court's determination that questions of fact exist precluding dismissal of the second cause of action sounding in premises liability. While it is clear that defendants owed plaintiff a duty to control the conduct of persons on their premises so as to prevent harm to him (*see, D'Amico v Christie*, 71 NY2d 76, 85), this duty was limited to conduct which defendants had an opportunity to control and of which they were reasonably aware (*see, Fishman v Beach*, 214 AD2d 920, 922-923). Although a restaurateur must use reasonable care to protect customers from injury arising from reasonably anticipated causes, there is no duty to protect against an occurrence which is extraordinary in nature and which, therefore, the restaurateur could not reasonably have been expected to anticipate (*see, Ryan v Big Z Corp.*, 210 AD2d 649, 650; *Silver v Sheraton-Smithtown Inn*, 121 AD2d 711, 712).

The record reflects that Layaw did not observe Ryan with any alcoholic beverage on the night in question, that in his opinion Ryan was not intoxicated on that night and that Ryan had not been involved in similar incidents in the past. Additionally, the record reflects that the altercation in question happened very suddenly, plaintiff having estimated the entire episode to have lasted 20 to 30 seconds. Such evidence clearly demonstrates that the assault occurred unexpectedly and without warning and, accordingly, defendants could not have

been expected to have prevented it (*see, Silver v Sheraton-Smithtown Inn, supra,* at 712). While there was evidence that there had been three or four fights in the nightclub within a 10-month period prior to the evening in question, that evidence alone is insufficient to raise a material issue of fact regarding defendants' breach of duty to control its premises. It is also significant that there was no evidence that the earlier altercations were sufficiently similar to the conditions prevailing here so as to define the extent of the danger to be guarded against, and, thus, the nature of defendants' duty to plaintiff (*see, Stevens v Kirby,* 86 AD2d 391, 394). As a final matter, plaintiff contends that there exists a material issue of fact precluding a grant of summary judgment by reason of the affidavit of plaintiff's sister-in-law, wherein she avers that Ryan was intoxicated on the evening in question. We disagree. While it is true that an issue of fact exists as to Ryan's sobriety, nothing in the aforesaid affidavit serves to demonstrate that the altercation was other than spontaneous and unexpected.

We likewise disagree with Supreme Court's determination that questions of fact exist precluding dismissal of the third cause of action alleging that defendants violated the Dram Shop Act (*see,* General Obligations Law § 11-101 [1]). In order to prevail in an action brought pursuant to the Dram Shop Act, it must be shown that the defendant sold alcohol to a visibly intoxicated person. Where there is no commercial sale of alcohol for profit, there can be no cause of action under the Dram Shop Act (*see, D'Amico v Christie,* 71 NY2d 76, 84, *supra*).

A review of the record reflects that Layaw had never seen Ryan drink while working at the restaurant, but that he was free to drink if he wished and, if he did so, he would be furnished with free drinks. Given that uncontroverted testimony, defendants cannot be held liable under the Dram Shop Act, and summary judgment should have been granted as to this cause of action as well (*see, Custen v Salty Dog,* 170 AD2d 572).

Cardona, P. J., and Mikoll, J., concur.

Yesawich Jr., J. (concurring in part and dissenting in part). While we concur with the majority's disposition of plaintiff's first two causes of action, we would affirm Supreme Court's holding with respect to the third cause of action, that based upon the Dram Shop Act (*see,* General Obligations Law § 11-101). In our view, the Court of Appeals holding in *D'Amico v Christie* (71 NY2d 76)—that this statute does not apply unless there is a commercial sale of alcohol (*see, supra,* at 84)—does not bar plaintiff's recovery here, where defendant Spec, Inc.

supplied defendant John Ryan with alcoholic drinks as part of the consideration for the latter's services.

The factual posture of this case is markedly different from that confronted in *D'Amico v Christie* (*supra*). There the entity providing the alcohol, an employee organization conducting a social function for its members, did not profit, directly or indirectly, from doing so. Indeed, the Court of Appeals explicitly noted that fact in the course of its decision therein (*see, supra*, at 84). By contrast, in the matter at hand it is reasonably inferable that Spec hired bands, and hence Ryan (and in connection therewith, furnished him with alcoholic beverages), with the hope that increased business, and hence pecuniary gain, would result. It strikes us that supplying drinks under these circumstances comes within the reach of the statute, for Ryan's engagement is part of a commercial transaction in which defendant Douglas Layaw's enterprise, a licensed purveyor of alcoholic beverages, exchanges such beverages for something of value, with the expectation of profiting therefrom (*cf., Gabrielle v Craft*, 75 AD2d 939, 940; *see also*, Alcoholic Beverage Control Law § 3 [28]). To the extent that *Carr v Kaifler* (195 AD2d 584) and *Custen v Salty Dog* (170 AD2d 572) suggest otherwise, we respectfully disagree.

Nor is summary judgment warranted on any of the other grounds advanced by Spec and Layaw, for the record presents triable questions of fact with respect to Ryan's intoxication and his procurement of alcoholic beverages from bar employees (*see, Ryan v Big Z Corp.*, 210 AD2d 649, 651). Accordingly, we would affirm Supreme Court's denial of the motion by Spec and Layaw for summary judgment on the third cause of action.

Peters, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment dismissing the second and third causes of action; motion regarding said causes of action granted, summary judgment awarded to defendants Spec, Inc. and Douglas Layaw, and complaint dismissed against them; and, as so modified, affirmed.