ELIZABETH KELLY, Respondent, v P.B.L. ENTERPRISES, INC., Doing Business as SPEAKS, Appellant, et al., Defendants. [643 NYS2d 229]

The plaintiff is the mother of the decedent, Henry Oliva, who, on August 9, 1987, was shot and killed by the defendant Thomas Muniz, acting in concert with the defendants Victor Roman and Raymond Torres, in the parking area used by and adjacent to a bar known as Speaks, which was owned and operated by the defendant P.B.L. Enterprises, Inc., doing business as Speaks (hereinafter Speaks).

Thereafter, the plaintiff instituted this action, *inter alia,* to recover damages for wrongful death against the defendants. After issue was joined, Speaks moved for partial summary judgment, dismissing the first and second causes of action of the complaint, which motion was denied. On appeal, Speaks argues that the first cause of action should have been dismissed because the plaintiff's proof did not satisfy the elements of a claim under General Obligations Law § 11-101 because there was neither evidence that the assailant was intoxicated when served alcohol by Speaks nor evidence that the assailant was intoxicated when the assault occurred, and the second cause of action should have been dismissed because there was no cognizable claim under common law negligence for damages arising from the furnishing of alcohol to someone who subsequently injured another.

Summary judgment dismissing the plaintiff's cause of action under General Obligations Law § 11-101 was properly denied because the plaintiff adduced sufficient evidence to raise a triable issue of fact, consisting of the statements of an eyewitness who saw Thomas Muniz at the bar being served and drinking beer; saw Raymond Torres buy Thomas Muniz a beer; watched Thomas Muniz drink alcohol; saw Thomas Muniz walk sloppily; stated that Thomas Muniz appeared intoxicated; heard Victor Roman and Thomas Muniz speak in a slurred fashion; and observed the bouncers at Speaks throw Thomas Muniz and Victor Roman out the door after they instigated an altercation (*see, e.g., Heavlin v Gush,* 197 AD2d 773; *Nesbitt v Jackson,* 178 AD2d 931; *Wasserman v Godoy,* 136 AD2d 631).

Furthermore, the Supreme Court properly denied summary judgment to Speaks on the second cause of action, holding that while no common law cause of action exists the second cause of action presented a viable claim under General Obligations Law § 11-100, and the plaintiff presented sufficient competent evidence, which raised triable issues of fact, capable of withstanding the motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.