■ Innessa Aminov, Respondent, v East 50th Street Restaurant Corporation, Doing Business as Tatou, Appellant, et al., Defendant. [649 NYS2d 452] —In an action to recover

damages for personal injuries, the defendant East 50th Street Restaurant Corporation appeals from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 16, 1995, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff allegedly sustained injuries when she was involved in an altercation with the defendant Susan Hedderich while in a nightclub owned and operated by the appellant. The complaint seeks to recover damages against the appellant based upon, *inter alia,* the appellant's alleged negligence in failing to provide a safe place for the plaintiff and other patrons of its establishment, and in serving the defendant Hedderich with alcholic beverages after she had become intoxicated.

The appellant's motion for summary judgment should have been granted. Although at the time of the incident Hedderich was under the legal drinking age, and there was evidence that she had been served at least one alcoholic beverage, the plaintiff failed to adduce any evidence in admissible form indicating that Hedderich was intoxicated at the time of the incident. Therefore, the plaintiff's dram shop claim should have been dismissed *(see,* General Obligations Law § 11-101; *Johnson v Plotkin,* 172 AD2d 88). The attorney's affirmation served in opposition to the appellant's motion for summary judgment was patently insufficient to defeat it *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). The plaintiff's remaining negligence claim against the appellant, based upon the alleged failure to provide a safe place for its patrons, must be dismissed also, as nothing in the record indicates that the appellant should reasonably have anticipated that Hedderich would suddenly attack the plaintiff *(see, D'Amico v Christie,* 71 NY2d 76, 85; *Ryan v Big Z Corp.,* 210 AD2d 649).

The plaintiff's contention that summary judgment is premature because she was denied full discovery is without merit; she raises no more than a "[m]ere hope that somehow [she] will uncover evidence that will prove [her] case" *(Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.