■ ROSEMARY FINNEGAN, Respondent, v PEPSI-COLA BOTTLING COMPANY OF N. Y., INC., Appellant, and WALDBAUMS, INC., Defendant-Third-Party Plaintiff-Respondent. ZANDRA DISTRIBUTORS, INC., Third-Party Defendant-Respondent. [656 NYS2d 644] —In an action to recover damages for personal injuries, the defendant Pepsi-Cola Bottling Company of N. Y., Inc., appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated April 11, 1996, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims insofar as asserted against the appellant are dismissed, and the action against the remaining defendant is severed.

The plaintiff was injured when a display of the appellant's products erected by the third-party defendant Zandra Distributors, Inc., an independent contractor, in a supermarket operated by the defendant third-party plaintiff, Waldbaum's Inc., collapsed upon her. The appellant cannot be held liable for the negligence of the independent contractor unless one of the exceptions to the general rule against vicarious liability is applicable *(see, Kleeman v Rheingold,* 81 NY2d 270, 274). Liability can be predicated on negligently instructing or supervising an independent contractor *(see, Kleeman v Rheingold, supra).* Although there are references in the record to "suggestions" made by the appellant as to how the displays were to be constructed, and evidence that the appellant provided some of the materials used in constructing the display, there is no evidence in admissible form that the display was constructed in accordance with the appellant's instructions, nor that the materials provided contributed to the accident *(see, Aminov v East 50th St. Rest. Corp.,* 232 AD2d 592; *Kormanyos v Champlain Val. Fed. Sav. & Loan Assn.,* 182 AD2d 1036; *see also, Chainani v Board of Educ.,* 87 NY2d 370).

Accordingly, the appellant is entitled to summary judgment. Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.