MICHAEL NELSON, Appellant-Respondent, v MARIAN NENG et al., Respondents, and JOHN MARTONIK, Appellant. [746 NYS2d 177]

On the night of April 26, 1997, the plaintiff and a group of his friends went to the home of Marian Neng and Raymond Tang to attend a birthday party for their daughter Geraldine. Although the plaintiff had not been invited to the party, he believed that several of his companions had been invited. According to the plaintiff, shortly after the group arrived at the Neng-Tang residence, two of his friends became involved in a verbal dispute with some of the guests at the party. The plaintiff claims that he was standing on the stairs in the rear of the house when Geraldine Tang approached him, and asked him to go inside the house to get his friends, and stop a fight from breaking out. Upon entering the room where the argument was taking place, the plaintiff allegedly was assaulted by two of the party guests, Kyle O'Neill and John Martonik.

The plaintiff subsequently commenced this action against the homeowners Neng and Tang, and the alleged assailants O'Neill and Martonik. The plaintiff's claim against the homeowner was predicated, upon inter alia, the theory that they had violated General Obligations Law § 11-100 by furnishing alcoholic beverages to O'Neill and Martonik, who were minors, while they were in an intoxicated condition. The

plaintiff also claimed that the homeowners had violated their common-law duty to prevent injuries to those on their property. After depositions of the parties and several witnesses had been conducted, the defendant Martonik moved for summary judgment upon the ground that there was no evidence that he had actually assaulted the plaintiff. The defendant homeowners cross-moved for summary judgment, contending that they could not be held liable for the sudden and unforeseeable assault on the plaintiff, and that there was no evidence to support the plaintiff's assertion that they served alcohol to the assailants and that the consumption of alcohol caused the assault. The Supreme Court, inter alia, granted that branch of the cross motion of the defendant homeowners which was for summary judgment dismissing the complaint insofar as asserted against them, but denied the motion of the defendant Martonik for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Contrary to the plaintiff's contention, the Supreme Court properly awarded summary judgment to the defendant homeowners. In support of their motion for summary judgment, the homeowners submitted evidence which established that they did not serve alcoholic beverages to minors in violation of General Obligations Law § 11-100, attending their daughter's birthday party. Although the plaintiff testified at his deposition that he observed alcoholic beverages at the party, this testimony is insufficient to raise an issue of fact as to whether the homeowners violated General Obligations Law § 11-100, which requires that a person "furnish" or "procure" alcoholic beverages as a predicate for liability (see *Walters v Sternlieb,* 255 AD2d 309; *Lane v Barker,* 241 AD2d 739; cf. *Rust v Reyer,* 91 NY2d 355). Moreover, the plaintiff cannot recover under the statute because the record is devoid of evidence that the alleged assailants were intoxicated at the time of the altercation (see *Aminov v East 50th St. Rest. Corp.,* 232 AD2d 592).

Furthermore, while a landowner may be held liable under the common law for injuries caused by an intoxicated guest when the landowner has the opportunity to control the guest's conduct, and is reasonably aware of the need for such control (see *D'Amico v Christie,* 71 NY2d 76, 85; *Kern v Ray,* 283 AD2d 402), the plaintiff has failed to raise an issue of fact as to whether his alleged assailants were intoxicated, and whether the homeowners could have foreseen a need to control the conduct of the assailants (see *Aminov v East 50th St. Rest. Corp., supra, Stevens v Spec, Inc.,* 224 AD2d 811, 812).

However, we reject the contention of the defendant Martonik that he is entitled to summary judgment because he did not actually participate in the assault on the plaintiff. Since the parties' submissions reveal that there is conflicting evidence as to the extent of Martonik's alleged participation in the assault, the Supreme Court properly denied that branch of his motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.