Kenny v Hellerman

2026 NY Slip Op 02638

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Thomas Kenny, respondent,

v

Matthew Hellerman, defendant, Eric Gulkis, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2025-04432, (Index No. 605034/23)

Lara J. Genovesi, J.P.

Deborah A. Dowling

Lillian Wan

Susan Quirk, JJ.

Peirce & Salvato, PLLC, White Plains, NY (Richard A. Salvato, Karin Arrospide, and Kelly M. Zic of counsel), for appellants.

Morelli Law Firm, PLLC, New York, NY (Sara A. Mahoney and Perry S. Fallick of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants Eric Gulkis and Leslie Gulkis appeal from an order of the Supreme Court, Nassau County (Rhonda E. Fischer, J.), dated March 25, 2025. The order, insofar as appealed from, denied that branch of the motion of those defendants which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-100 insofar as asserted against them.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Eric Gulkis and Leslie Gulkis which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-100 insofar as asserted against them is granted.

The plaintiff allegedly was assaulted by the defendant Matthew Hellerman on the front lawn of the home of the defendants Eric Gulkis and Leslie Gulkis (hereinafter together the Gulkis defendants). The plaintiff and Hellerman were both attending a party at the Gulkis defendants' home, which was hosted by the Gulkis defendants' teenage daughter.

The plaintiff commenced this action to recover damages for personal injuries against Hellerman and the Gulkis defendants. The plaintiff alleged, inter alia, that the Gulkis defendants violated General Obligations Law § 11-100. Following discovery, the Gulkis defendants moved, among other things, for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-100 insofar as asserted against them. The plaintiff opposed. In an order dated March 25, 2025, the Supreme Court, inter alia, denied that branch of the Gulkis defendants' motion.

"General Obligations Law § 11-101(1), known as the Dram Shop Act, provides that any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, . . . shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication" (Heins v Vanbourgondien, 180 AD3d 1019, 1024 [brackets and internal quotation marks omitted]). In 1983, the Legislature [*2]supplemented the Dram Shop Act by adding General Obligations Law § 11-100, which applies to any provider unlawfully furnishing alcoholic beverages for minors (see Rust v Reyer, 91 NY2d 355, 359; Filc v 7221 Someplace Else, Ltd., 219 AD3d 1487, 1488). "'Liability under General Obligations Law § 11-100 may be imposed only on a person who knowingly causes intoxication by furnishing alcohol to (or assisting in the procurement of alcohol for) persons known or reasonably believed to be underage'" (Filc v 7221 Someplace Else, Ltd., 219 AD3d at 1488 [brackets and internal quotation marks omitted], quoting Ferber v Olde Erie Brew Pub & Grill, LLC, 161 AD3d 1142, 1143; see Sherman v Robinson, 80 NY2d 483, 487-488).

The Gulkis defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of General Obligations Law § 11-100 insofar as asserted against them. The Gulkis defendants established that Hellerman, who was then under the legal drinking age, was not intoxicated at the time of the alleged assault (see Gaige v Kepler, 303 AD2d 626, 628). The Gulkis defendants submitted transcripts of deposition testimony, including Hellerman's own testimony that he did not consume alcohol for 24 hours prior to the incident. Therefore, the Gulkis defendants met their burden and established that the plaintiff cannot recover under the statute (see Nelson v Neng, 297 AD2d 313, 314; Guercia v Carter, 274 AD2d 553, 554).

In opposition, the plaintiff failed to raise a triable issue of fact. Although the record includes conflicting testimony as to whether Hellerman consumed alcohol prior to the incident, there is no testimony to support the plaintiff's assertion that Hellerman was "intoxicated," as required by the statute. The witnesses do not describe Hellerman as intoxicated, nor do they imply that he appeared intoxicated, such that his language was slurred or demeanor sloppy (cf. Kelly v P.B.L. Enters., 228 AD2d 414, 415).

The plaintiff's conclusory speculation is insufficient to defeat that branch of the Gulkis defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-100 insofar as asserted against them (see Guercia v Carter, 274 AD2d at 554). Accordingly, the Supreme Court should have granted that branch of the motion (see Nelson v Neng, 297 AD2d at 314; Guercia v Carter, 274 AD2d at 554).

The Gulkis defendants' remaining contentions need not be reached in light of our determination.

GENOVESI, J.P., DOWLING, WAN and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court