■ John Morrissey, Appellant, v. Thomas D. Sheedy, Doing Business as Sheedy's Tavern, Respondent, et al., Defendants.— In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered March 20, 1963 in favor of defendant Sheedy upon a jury verdict. The other defendants were not served. Judgment reversed on the law and a new trial granted, with costs to abide the event. The complaint, in the cause of action pleaded against defendant Sheedy, alleged in effect that plaintiff, a patron in said defendant's tavern, was assaulted and injured by the other defendants, after they were served alcoholic beverages while in an intoxicated condition, and that defendant Sheedy was negligent in so doing and in failing to provide a safe place for plaintiff. In our opinion, the complaint sufficiently pleaded a cause of action under former section 16 of the Civil Rights Law (now General Obligations Law, § 11–101) as well as a common-law cause of action in negligence (cf. *Van Tuyl* v. *New York Real Estate Security Co.,* 153 App. Div. 409, 410–411, affd. *sub nom. Carnegie*

*Trust Co.* v. *New York Real Estate Security Co.,* 207 N. Y. 691; *Tyrrell* v. *Quigley,* 186 Misc. 972). We are also of the opinion that plaintiff's proof established a prima facie case under both theories. It was error, therefore, to refuse plaintiff's request to charge section 16 of the Civil Rights Law on the ground, in substance, that the complaint was based only upon common-law liability. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.