■ THADDEUS A. JARZABEK, Appellant, v REGINALD TUCCI, SR., Doing Business as CLUB UTICA, Respondent. (Appeal No. 2.)—Order unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing plaintiff's "Dram Shop" cause of action *(see,* General Obligations Law § 11-101). "A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence * * * reciting the material facts and showing that the cause of action has no merit" *(GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967). That burden was not met by defendant. On the crucial issue whether defendant sold, delivered or gave away alcoholic beverages *(see,* Alcoholic Beverage Control Law § 65 [former (2)]), defendant submitted only the pretrial testimony of plaintiff, appearing *pro se,* in which plaintiff acknowledged that he did not personally see service of beer to the assailant and that he did not know of a witness to prove such service. Defendant argues from such testimony that plaintiff cannot prove that the assailant was served alcoholic beverages by defendant in violation of law, and thus he was entitled to summary judgment. We disagree. Plaintiff also testified that the assailant was intoxicated in defendant's premises and had a bottle of beer in his hand when plaintiff was assaulted. He further stated that prior to the assault, the assailant sang "two or three songs" while performing on stage with the band employed by defendant. Significantly, defendant failed even to aver that he did not serve alcoholic beverages to plaintiff's assailant. On this submission, it cannot be said that defendant has demonstrated entitlement to judgment as a matter of law *(see,* CPLR 3212 [b]).

Supreme Court did not abuse its discretion in removing the action, without the consent of the parties, to Buffalo City Court *(see,* CPLR 325 [d]; 22 NYCRR 202.13 [e]). (Appeal from order of Supreme Court, Erie County, Mintz, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Lawton and Davis, JJ.