■ RAYMOND MacDOUGALL, Appellant, v THOMAS KELSCH, Defendant, and CARMEL LANES, INC., Doing Business as the BRIARPATCH LOUNGE, et al., Respondents.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered June 15, 1989 in Putnam County, which granted a motion by defendants Carmel Lanes, Inc., Joseph Cmar and Richard Fosatti for summary judgment dismissing the complaint against them.

This action arises out of a one-car accident in which plaintiff, a passenger, sustained personal injuries. The accident occurred shortly after plaintiff and defendant Thomas Kelsch, the driver and owner of the vehicle, left the Briarpatch Lounge in the Town of Carmel, Putnam County. Plaintiff sued

Kelsch alleging negligent operation of the vehicle. In addition, plaintiff sued Joseph Cmar, Richard Fosatti and Carmel Lanes, Inc., doing business as the Briarpatch Lounge, alleging liability under the Dram Shop Act (General Obligations Law § 11-101).

Following the completion of pretrial discovery, Cmar, Fosatti and Carmel Lanes (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them. In support of their motion, defendants submitted excerpts of plaintiff's deposition testimony in which he states that he first saw Kelsch at the bar shortly before they left together and that he did not remember seeing Kelsch drink anything while they were there. In addition, plaintiff indicated that Kelsch did not appear intoxicated at that time. Defendants also submitted Kelsch's testimony that he did not have anything to drink at the Briarpatch Lounge and the testimony of Cmar, the manager of the bar and an acquaintance of Kelsch, in which he states that he did not see Kelsch drink anything that evening.

In opposition to the motion, plaintiff submitted an excerpt of the testimony presented at Kelsch's trial on the charge of driving while intoxicated which resulted from the accident. Michael Dimarchi, a police officer who investigated the accident, testified that he spoke with Kelsch at the hospital and Kelsch told him "he was at the Briarpatch with some friends, meeting some people. And that they were leaving. At the time of the accident they were going home. And he had a couple of beers." Dimarchi also stated that Kelsch's eyes appeared "bright red and glassy" and that he detected the odor of alcohol when he interviewed Kelsch at the hospital.

Supreme Court granted defendants' motion for summary judgment, finding that there was no evidence sufficient to create an issue of fact that Kelsch consumed any alcohol at defendants' establishment on the night in question. This appeal by plaintiff ensued.

On appeal, plaintiff contends that Supreme Court erred in granting defendants' motion for summary judgment. We disagree. The evidence adduced in support of the motion was sufficient to negate an illegal sale of alcohol to Kelsch and, thus, the burden shifted to plaintiff to produce evidence in admissible form sufficient to create an issue of fact as to the occurrence of an illegal sale (see, *Terbush v Buchman,* 147 AD2d 826, 827; *Gonyea v Folger,* 133 AD2d 964, 965). The evidence relied upon by plaintiff, even assuming its admissibility (see, CPLR 4517), amounted only to an admission by

Kelsch that he had consumed alcohol and was not probative of the critical issue of *where* that alcohol was consumed. As noted by defendants in their reply affidavit, plaintiff's evidence was consistent with Kelsch's testimony that he drank beer at his apartment prior to going out that evening. Thus, in our view, plaintiff failed to adduce evidence of an illegal sale by defendants sufficient to create a triable issue of fact and Supreme Court properly granted defendants' motion for summary judgment.

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.