■ MIRIAM FLORES et al., Appellants, v SANDY PHARMAKITIS, Also Known as SARANTES PHARMAKITIS, Respondent, et al., Defendants. [618 NYS2d 293] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered January 28, 1993, granting defendant Sandy Pharmakitis' motion for summary judgment dismissing the complaint against him, unanimously affirmed, without costs.

"While negligence cases do not generally lend themselves to resolution by a motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any culpable conduct by the other" (Barnes v Lee, 158 AD2d 414). The obvious precipitating cause of the accident was defendant Shibab's loss of control of her car after she apparently collided with an unidentified vehicle in the right lane on the highway; there is no suggestion that defendant-respondent's conduct was related to the perpendicular turn taken by Shibab's car. Shibab's car was skidding over into the left lane, and plaintiff has made no

showing that defendant-respondent's conduct was a substantial cause of the collision in the left lane between Shibab's car and plaintiff's car *(supra)*.

Information in a police report about an accident based on voluntary statements made by third parties is inadmissible hearsay.

We have considered plaintiff's remaining contention and find it to be without merit. Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.