■ ESTELLE COSTA, Appellant, v 1648 SECOND AVENUE RESTAURANT INC., Respondent, et al., Defendants. [634 NYS2d 108] —Order, Supreme Court, Bronx County (Luis A. Gonzalez, J.), entered September 14, 1994, which dismissed the complaint as against defendant 1648 Second Avenue Restaurant Inc. on said party's motion for summary judgment, unanimously reversed, on the law, the motion is denied and the complaint is reinstated, without costs.

In this personal injury/wrongful death action, plaintiff alleged, *inter alia*, that shortly before the accident, defendant Restaurant had served alcohol to defendant Gatto, the hit-and-run driver, while he was already in an intoxicated state. Serving alcohol to a "visibly intoxicated" person not only is unlawful (Alcoholic Beverage Control Law § 65 [2]), but renders the server liable for injuries caused by the intoxicated person (General Obligations Law § 11-101).

The Restaurant's summary judgment motion was supported by two documents. The first was a police report briefly summarizing a contact with one of the two bartenders (Berner) on the night in question, in which the latter recalled seeing Gatto and his companion finish what they were served and leave the establishment, but denied that he had been the one who served them. The second was the EBT testimony of the Restaurant manager (Matischak) that (a) Berner had told her he had no recollection of the date, and (b) the other bartender (identified as "Fredricks") had told her that he recalled his friend Gatto stopping in for a short time at about the shift change but did

not appear to be intoxicated when he left. For some reason, neither of the bartenders was deposed. In short, the moving papers were supported solely by inadmissible hearsay.

Plaintiff's opposing affirmation, served late, was supported by a subsequent police report which consisted of the following: (a) summaries of interviews with Gatto's companion indicating that the duo had drunk two bottles of beer and two shots of apple schnapps at the Restaurant bar before leaving at 7:00 P.M., 45 minutes prior to the accident, and before that had been drinking from two 6-packs of beer since going to a Mets baseball game at 1:00 P.M.; (b) the accident report; (c) a summary report of Gatto's arrest and breathalyzer test (.14% blood alcohol content); and (d) a summary of an interview of Gatto, indicating that he had stopped at the bar following the game, for about two hours, during which he consumed three bottles of beer. Also submitted was the affidavit of an expert pharmacologist to the effect that the breathalyzer test results were consistent with the amount of alcohol Gatto had consumed, and that studies have shown that 66% of the population with a blood alcohol content in this range (.101% to .15%) normally exhibit "visible signs of intoxication."

Much of this evidence was also inadmissible—the police reports because they were hearsay (*Flores v Pharmakitis*, 209 AD2d 205, 206), unsworn (*Hayduk v Mahoney Motor Sales*, 18 AD2d 703; *see, Bonsu v Metropolitan Suburban Bus Auth.*, 202 AD2d 538, 539), or, in the case of the breathalyzer test results, offered without proper foundation (*Roy v Reid*, 38 AD2d 717); the expert pharmacologist's affidavit because its conclusions were dependent upon the other inadmissible reports. Although the strict requirement to tender evidence "in admissible form" may be relaxed in opposing a motion for summary judgment, this flexibility will be afforded only upon demonstration of an acceptable excuse for the failure (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067); plaintiff made no such demonstration here. Plaintiff thus failed to carry her burden of establishing, by admissible evidence, that Gatto had been served at the Restaurant in a visibly intoxicated condition (*Campbell v Lorenzo's Pizza Parlor*, 172 AD2d 478, 479, *lv denied* 78 NY2d 863). "Proof of mere consumption of alcohol is not enough to defeat a [defense] motion for summary judgment in a Dram Shop action" (*Pizzaro v City of New York*, 188 AD2d 591, 594, *lv denied* 82 NY2d 656).

Notwithstanding the insufficiency of plaintiff's opposing papers, the grant of summary judgment was error because the Restaurant failed to satisfy its *initial* burden of proving entitle-

ment to such relief (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). In order to shift that burden to the plaintiff to produce evidence in admissible form sufficient to create an issue of fact on a Dram Shop cause of action, a defendant moving for summary judgment must first negate the possibility that alcohol was unlawfully served to a visibly intoxicated person (*MacDougall v Kelsch*, 161 AD2d 886, 887-888). The Restaurant failed to eliminate that triable issue of fact (*see, Jarzabek v Tucci*, 155 AD2d 908). Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.