■ In the Matter of Michael Culkin et al., Petitioners, v Howard Safir, as Police Commissioner of City of New York, et al., Respondents. [665 NYS2d 271] —Determination of respondent Police Commissioner dated April 3, 1996, which found petitioners guilty of wrongfully pointing their weapons at two civilians, wrongfully searching an apartment and wrongfully speaking to the civilians in a discourteous manner, and suspended petitioners without pay for 30 days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Lehner, J.], entered August 13, 1996), dismissed, without costs.

Substantial evidence exists to support respondents' determination, including the consistent testimony of the complainants and petitioners' failure to offer credible evidence that they were elsewhere at the time the misconduct took place. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.

■ Luis Duran, Individually and as Administrator of the Estate of Genith A. V. Duran, Deceased, Respondent, v Rosalie Poggio et al., Defendants, and D.R.M. Restaurant Corp., Doing Business as Sportman's Inn, Appellant. [663 NYS2d 572] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about September 23, 1996, which, in an action under the Dram Shop Act, denied defendant-appellant restaurant's motion for summary judgment, unanimously affirmed, without costs.

Defendant restaurant's moving papers failed to satisfy its initial burden of negating that Poggio was visibly intoxicated, and thus the restaurant's motion for summary judgment was properly denied (see, Costa v 1648 Second Ave. Rest., 221 AD2d 299; Cadieux v D. B. Interiors, 214 AD2d 323). While the restaurant's bartender testified that Poggio did not appear visibly intoxicated when he first entered the bar, the restaurant did not submit any evidence that Poggio was not visibly intoxicated when the bartender served him another drink approximately 45 minutes later, and the bartender conceded that others at the bar, including "the bar itself", could have bought Poggio drinks that evening. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.