■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CARDAMONE, Appellant. [732 NYS2d 334] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered March 29, 1999, convicting defendant, after a nonjury trial, of assault in the first degree, and sentencing him to a term of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the court's determinations concerning credibility. Evidence properly credited by the court disproved defendant's justification defense beyond a reasonable doubt. There was no credible evidence that defendant reasonably believed that the victim was committing or attempting to commit a robbery (see, Penal Law § 35.15 [2] [b]). Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.

■ MOHAMMED DARWISH, Respondent, v CITY OF NEW YORK et al., Defendants, and HANIDY TAVERN, INC., Doing Business as CELTIC HOUSE, Appellant. [731 NYS2d 720] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about December 22, 2000, which denied defendant tavern's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff testified at deposition that just prior to his encounter with the individual who assaulted him, he observed that individual leave defendant tavern in an obviously intoxicated condition. Given such testimony, it was incumbent upon defendant, as the proponent of a motion for summary judgment seeking dismissal of plaintiff's Dram Shop claims against it, to negate the possibility that it served alcohol to a visibly intoxicated person. This defendant failed to do. Indeed, as the motion court noted, defendant offered no evidence at all, urging instead the failure of plaintiff's deposition testimony and bill of particulars to demonstrate a prima facie case. Accordingly, the burden never shifted to plaintiff to adduce evidence that defendant served alcohol to the assailant despite visible signs of intoxication (see, Costa v 1648 Second Ave. Rest., 221 AD2d 299, 300-301; Duran v Poggio, 244 AD2d 162). Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.