■ CATHERINE McGOVERN, Respondent, v 4299 KATONAH INC., Appellant, et al., Defendant. [773 NYS2d 285]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered May 6, 2003, which, in an action for personal injuries under the Dram Shop Act (General Obligations Law § 11-101) and in common-law negligence, denied defendant tavern's mo-

tion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

With respect to the Dram Shop Act claim, defendant failed to satisfy its initial burden of negating the possibility that it served alcohol to a visibly intoxicated person (*see Darwish v City of New York,* 287 AD2d 407 [2001]). The affidavit of its bartender, that neither he nor another bartender served alcohol to a visibly intoxicated man on the night in question, does not mention a third bartender who worked that night (*see Duran v Poggio,* 244 AD2d 162 [1997]; *Cole v O'Tooles of Utica,* 222 AD2d 88, 92-93 [1996]). In any event, even if defendant did meet its initial burden, plaintiff's submissions, to the effect that the patron who fell on top of her was, for at least an hour before, seen holding alcoholic drinks, stumbling around and in other ways visibly intoxicated, and that immediately after the accident his eyes were glassy, his speech slurred and he was so drunk that he could hardly stand, suffice to raise an issue of fact as to whether defendant served alcohol to a visibly intoxicated person (*see Dollar v O'Hearn,* 248 AD2d 886 [1998]; *Jarzabek v Tucci,* 155 AD2d 908 [1989]). These same submissions also suffice to raise issues of fact as to whether defendant's employees should have been aware that a potentially dangerous situation existed, and breached their duty to exercise adequate supervision and control over their patron's behavior, precluding summary judgment dismissing plaintiff's negligence claim (*see Dollar* at 887; *Kern v Ray,* 283 AD2d 402 [2001]). Concur—Buckley, P.J., Tom, Sullivan, Ellerin and Williams, JJ.