■  PHYLLIS KANDEL, Respondent, v MICHAEL A. KURZMAN,
Appellant. [808 NYS2d 339]—

In an action to recover damages for medical malpractice, the
defendant appeals, as limited by his brief, from so much of an
order of the Supreme Court, Queens County (Hart, J.), dated
June 15, 2005, as denied his motion for summary judgment
dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from,
with costs.

Contrary to the defendant's contention, the Supreme Court

properly denied his motion for summary judgment dismissing the complaint. The defendant submitted his own affidavit and that of an expert in dermatopathology, contending that the plaintiff's decedent suffered from a type of melanoma which arose suddenly, lacked an "in situ" phase, and did not bear the usual physical characteristics of melanomas that facilitate detection. Accordingly, the defendant maintained that the melanoma that caused the decedent's death either was not present or was not detectable when he examined her on February 8, 2000, and therefore, he was not liable for failing to diagnose it. The pathology records submitted by the defendant, however, contradicted certain aspects of this argument. Specifically they demonstrated that the decedent's lesion did possess an "in situ" component and bore identifying physical characteristics of melanomas, such as asymmetry and irregular borders. Accordingly, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law. Denial of the motion was thus required without regard to the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.