■ ROBERT PEREZ, Appellant, v REAL TUFF PIPING AND HEATING, INC., Respondent, et al., Defendant. [900 NYS2d 435]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated April 22, 2009, which granted the motion of the defendant Real Tuff Piping and Heating, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Real Tuff Piping and Heating, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied.

On December 18, 2004, the plaintiff, a tenant in an apartment building in Brooklyn, owned by the defendant Real Tuff Piping and Heating, Inc. (hereinafter Real Tuff), allegedly was injured in the course of a gunpoint robbery as he was walking up the stairs from the vestibule of the building to the second floor. The perpetrator was the defendant Benjamin Manners. The plaintiff commenced this action against Real Tuff and Manners to recover damages for his injuries. He alleged that Real Tuff breached its duty to him by failing to provide adequate security and that the breach was a proximate cause of his injuries. After discovery was completed, Real Tuff moved for summary

judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion. We reverse.

A landlord is under a duty to take minimal precautions to protect its tenants from foreseeable harm, "including the harm caused by a third party's foreseeable criminal conduct on the premises" (*Johnson v City of New York*, 7 AD3d 577, 577 [2004]; *see Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]). Whether knowledge of criminal activities occurring in a building is sufficient to make injury to a person in the building foreseeable depends upon the location, nature, and extent of those previous criminal activities and their similarity, proximity, or other relationship to the crime in question (*see Jacqueline S. v City of New York*, 81 NY2d 288, 295 [1993]). Knowledge of ambient neighborhood crime, standing alone, is insufficient to establish foreseeability (*see Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 153 [1999]).

Here, on its motion for summary judgment, Real Tuff, in effect, acknowledged that there was a triable issue of fact regarding whether there were working door locks on the front doors of the building leading to the vestibule. Real Tuff did not dispute that Manners was an intruder who had gained access to the building through the unlocked front doors. Nevertheless, Real Tuff argued that, because it had no notice of similar violent crimes committed in the building, it was not foreseeable that an intruder would commit the violent crime here in question. In support, Real Tuff submitted evidence establishing that, although complaints had been made about intruders using drugs and sleeping in the vestibule, and that a burglary had been committed in the building, there had been no reports of crimes involving actual or threatened violence.

Real Tuff failed to meet its prima facie burden of establishing, as a matter of law, that it was unforeseeable, in light of the repeated instances of trespassers gaining access to the building's vestibule through doors without working locks to commit crimes therein, that a robbery of a resident on the stairwell leading from the vestibule to the second floor would occur (*cf. Jacqueline S. v City of New York*, 81 NY2d 288 [1993]). Since Real Tuff failed to meet its prima facie burden, denial of the motion was required without regard to the sufficiency of the papers submitted in opposition (*see Segal v St. John's Univ.*, 69 AD3d 702, 704 [2010]; *Kandel v Kurzman*, 24 AD3d 613, 614 [2005]). Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.