█ LISKULA COHEN, Appellant, v BREAD & BUTTER ENTERTAINMENT LLC, Trading as ULTRA, Respondent, et al., Defendants. [905 NYS2d 4]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 18, 2009, which, insofar as appealed from, granted defendant nightclub's motion for summary judgment dismissing as against it plaintiff's cause of action under the Dram Shop Act (General Obligations Law § 11-101), unanimously reversed, on the law, without costs, the motion denied, and such cause of action reinstated as against defendant nightclub.

Defendant's motion papers fail to satisfy its initial burden of negating the possibility that it served alcohol to a visibly intoxicated person (*see Darwish v City of New York*, 287 AD2d 407 [2001]). The affidavit of its floor manager, that plaintiff's

assailant exhibited no visible signs of intoxication when the manager observed him ordering and being served a drink at the bar earlier on the night of the altercation, does not mention a second drink that, the assailant testified, had been served to him at the bar that night. Merely because the manager observed the assailant being served the first drink does not rule out that the assailant was visibly intoxicated by the time he was served the second drink. We reject defendant's argument that the assailant's view of his own state of visible intoxication can serve to make out defendant's burden on summary judgment. Furthermore, we note that defendant failed to supply affidavits from bartenders who were working on the night in question. Accordingly, the burden never shifted to plaintiff to adduce evidence that defendant served alcohol to the assailant despite visible signs of intoxication (*see Duran v Poggio*, 244 AD2d 162 [1997]; *McGovern v 4299 Katonah*, 5 AD3d 239, 239 [2004]). Concur—Saxe, J.P., Catterson, Renwick, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 31844(U).]**