■ WILLIAM COFFEY, Appellant, v GLORYVETTE L. ESPARRA, Defendant, and 2427 RESTAURANT CORP., Doing Business as EUGENE, Respondent. [931 NYS2d 600]—

Plaintiff sufficiently stated a cause of action under the Dram Shop Act by referring in his complaint to General Obligations Law § 11-101 and alleging that the restaurant served alcohol to the visibly intoxicated driver (*see Bongiorno v D.I.G.I., Inc.*, 138 AD2d 120, 123 [1988]; *Morrissey v Sheedy*, 26 AD2d 683 [1966]). Nevertheless, Supreme Court properly granted the restaurant's motion. The restaurant satisfied its initial burden of negating the possibility that it served alcohol to a visibly intoxicated person by submitting the driver's testimony that she had nothing to drink in the six hours before she went to the restaurant and had only one drink at the restaurant (*see generally Cohen v Bread & Butter Entertainment LLC*, 73 AD3d 600 [2010]). The

driver's testimony is sufficient to meet the restaurant's burden, since she did not have exclusive knowledge of her condition while at the restaurant. Indeed, there were other witnesses at the restaurant that could have testified as to the driver's condition. Thus, it cannot be said that plaintiff was unable to refute by evidentiary proof the driver's testimony. (*See Terbush v Buchman*, 147 AD2d 826, 828 [1989]; *cf. Koen v Carl Co.*, 70 AD2d 695 [1979].)

The medical expert affirmation submitted by plaintiff failed to raise an issue of fact. The expert's conclusions were based in large part on inadmissible evidence—namely, a blood alcohol calculation test result that was offered without proper foundation (*see Costa v 1648 Second Ave. Rest.*, 221 AD2d 299, 300 [1995]). Moreover, plaintiff did not give an acceptable excuse for failing to tender evidence in admissible form (*id.*). Concur—Andrias, P.J., Sweeny, Acosta, Freedman and Manzanet-Daniels, JJ.