◼ JOSE HURTADO, as Administrator of the Estate of JOSE A. HURTADO, Deceased, Respondent, v CAROL A. WILLIAMS, Defend-

ant, and BLACK BEAR TAVERN AND RESTAURANT, INC., Individually and Doing Business as THE BLACK BEAR, Appellant. [976 NYS2d 326]—

Rose, J.P. Appeal from an order of the Supreme Court (Becker, J.), entered July 17, 2012 in Delaware County, which denied a motion by defendant Black Bear Tavern and Restaurant, Inc. for summary judgment dismissing the complaint and cross claim against it.

After drinking at a tavern operated by defendant Black Bear Tavern and Restaurant, Inc. (hereinafter the Tavern), defendant Carol A. Williams caused a head-on collision resulting in the death of Jose A. Hurtado (hereinafter decedent). The accident occurred approximately seven miles from the Tavern, on the route that Williams would have taken to reach her home. Williams' blood alcohol content was determined to be .14% approximately six hours after the accident and, as a result of severe injuries sustained in the collision, she has no recollection of the night in question. Alleging a violation of General Obligations Law § 11-101 and common-law negligence, plaintiff, the administrator of decedent's estate, commenced this action against defendants. After joinder of issue and discovery, the Tavern moved for summary judgment dismissing the complaint against it. Supreme Court denied the motion, finding that the Tavern failed to meet its burden on the motion, and the Tavern appeals.

In order to establish its entitlement to summary judgment, the Tavern was required to present evidence excluding the possibility that it served Williams alcohol when she was visibly intoxicated (see Alcoholic Beverage Control Law § 65 [2]; McGovern v 4299 Katonah, 5 AD3d 239, 240 [2004]; Donato v McLaughlin, 195 AD2d 685, 687 [1993]; MacDougall v Kelsch, 161 AD2d 886, 887 [1990]). The Tavern argues that it met this burden with the statement of Amelia Anson and the statement and testimony of Jinnel Rittel, the bartenders on duty the night in question. According to Rittel, she served Williams one shot of whiskey and one beer and, when Williams later came to the bar and appeared "drunk," she ignored her. For her part, Anson stated that she served Williams one beer, but the Tavern offered no evidence as to whether Anson served Williams before or after Rittel observed her to be intoxicated. While Rittel claimed in her statement that she and Anson were the only ones who

served Williams, she described the Tavern as being crowded on the night in question and "very busy," with 50 or 60 people in the bar. She also testified that there was waitstaff on duty and she did not see Williams seated at the bar. A co-owner of the Tavern confirmed that waitstaff was on duty that night and that patrons could get drinks from them. Under these circumstances, the Tavern did not eliminate the possibility that Anson served Williams after Rittel noticed that she was visibly intoxicated. Nor was the possibility ruled out that Williams was served by waitstaff when she was in the visibly intoxicated condition described by Ritter (*see Cohen v Bread & Butter Entertainment LLC*, 73 AD3d 600, 600-601 [2010]; *McGovern v 4299 Katonah*, 5 AD3d at 240; *Wasserman v Godoy*, 136 AD2d 631, 631 [1988]).

In light of the Tavern's failure to meet its burden, we have no reason to consider whether the expert affidavit submitted in opposition to the motion was sufficient to raise triable issues of fact (*see generally Hallenbeck v Smith*, 106 AD3d 1412, 1415 [2013]). We agree with the Tavern, however, that the common-law negligence claim against it should have been dismissed as the accident occurred off its premises and the Tavern owed decedent no duty beyond that set forth in General Obligations Law § 11-101 (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]).

Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion by defendant Black Bear Tavern and Restaurant, Inc. for summary judgment dismissing the common-law negligence cause of action against it; motion granted to that extent and said cause of action dismissed against said defendant; and, as so modified, affirmed.