██ MARIE DEINZER, Respondent, v MIDDLE COUNTRY PUBLIC LIBRARY et al., Appellants, and BOARD OF EDUCATION OF MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT et al., Respondents. [992 NYS2d 557]—

In an action to recover damages for personal injuries, the defendants Middle Country Public Library and Middle Country Central School District #11 appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated September 17, 2013, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiff.

On July 20, 2010, the plaintiff allegedly sustained personal injuries when she was assaulted by an assailant as she was walking toward the entrance of the Middle Country Public Library. The plaintiff commenced the instant action against, among others, the defendants Middle Country Public Library and Middle Country Central School District #11 (hereinafter together the appellants) alleging, among other things, that they failed to provide adequate security. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied their motion.

A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518-519 [1980]; Bryan v Crobar, 65 AD3d 997, 999 [2009]). Here, in support of their motion for summary judgment, the appellants failed to meet their prima facie burden of establishing entitlement to judgment as a matter of law by demonstrating that they took reasonable security measures against foreseeable criminal acts of third parties (see Perez v Real Tuff Piping & Heating, Inc., 73 AD3d 882, 883 [2010]; Gonzalez v Long Is. Univ.-C.W. Post Campus, 15 AD3d 349 [2005]; cf. Maheshwari v City of New York, 2 NY3d 288, 294-295 [2004]; Bryan v Crobar, 65 AD3d at 999). Moreover, the appellants cannot satisfy their initial burden merely by pointing to gaps in the plaintiff's case (see Rallo v Man-Dell Food Stores, Inc., 117 AD3d 705 [2014]; Kempf v Magida, 116 AD3d 736 [2014]). Since the appellants failed to satisfy their initial burden of establishing their prima facie entitlement to judgment as a matter of law, their motion was properly denied, without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.