TREVOR WALFALL, Individually and as Administrator of the Estate of HAROON J. WALFALL, Deceased, Respondent, v BARTINI'S PIERRE, INC., Also Known as STATION BAR CORP., Doing Business as BARTINI'S LOUNGE, et al., Appellants, et al., Defendants. [9 NYS3d 108]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants Bartini's Pierre, Inc., also known as Station Bar Corp., doing business as Bartini's Lounge, and Reiner & Keiser Associates appeal from an order of the Supreme Court, Queens County (Hart, J.), dated April 24, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent was assaulted by other patrons of a lounge on premises leased by the defendant Bartini's Pierre, Inc., also known as Station Bar Corp., doing business as Bartini's Lounge, and owned by the defendant Reiner & Keiser

Associates (hereinafter together the appellants). The plaintiff subsequently commenced this action, inter alia, to recover damages for wrongful death. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the appellants' motion.

"Although a property owner must act in a reasonable manner to prevent harm to those on its premises, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control. Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (*Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d 1190, 1192 [2009]; *see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Kiely v Benini*, 89 AD3d 807, 808 [2011]).

Here, the appellants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them. In support of their motion, the appellants submitted the deposition testimony of a witness to the incident, who testified that, shortly before the incident, he noticed the decedent being restrained by a security guard, but was not aware of the events which led the security guard to restrain the decedent. The witness testified that the security guard then proceeded to escort the decedent out of the premises, during the course of which the decedent was severely beaten by other patrons, resulting in his death. This evidence failed to demonstrate, prima facie, that the attack upon the decedent was not foreseeable, that the appellants lacked the opportunity to prevent the attack, or that any negligence on the appellants' part was not a proximate cause of the incident (*see Boyea v Aubin*, 65 AD3d 736 [2009]; *Vetrone v Ha Di Corp.*, 22 AD3d 835, 839 [2005]; *Jayes v Storms*, 12 AD3d 1090 [2004]; *Panzera v Johnny's II*, 253 AD2d 864 [1998]). The appellants also failed to demonstrate, prima facie, that they took reasonable security measures against foreseeable criminal acts of third parties (*see Deinzer v Middle Country Pub. Lib.*, 120 AD3d 1292 [2014]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, their motion was properly denied, without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.