■ WILLIAM COVERT, Respondent, v WISLA CORP. et al., Appellants. [14 NYS3d 455]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Martin, J.), dated January 17, 2014, which denied their motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to amend the complaint to allege a cause of action pursuant to General Obligations Law § 11-101.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the plaintiff's cross

motion for leave to amend the complaint to add a cause of action alleging a violation of the Dram Shop Act (General Obligations Law § 11-101). The proposed amendment was neither palpably insufficient nor patently devoid of merit (*see* CPLR 3025 [b]; *Stein v Doukas*, 128 AD3d 803, 804 [2015]; *Katz v Castlepoint Ins. Co.*, 121 AD3d 948, 950 [2014]; *Postiglione v Castro*, 119 AD3d 920, 922 [2014]). In addition, there will be no undue prejudice or surprise to the defendants by virtue of the amendment (*see Stein v Doukas*, 128 AD3d at 804; *Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]).

Moreover, where a plaintiff alleges that he or she was assaulted by an intoxicated individual, to establish prima facie entitlement to judgment as a matter of law dismissing a complaint alleging a violation of the Dram Shop Act, a defendant is "required to establish either that it did not serve alcohol to [the plaintiff's assailant] while he [or she] was visibly intoxicated or that its sale of alcohol to him [or her] had no reasonable or practical connection to the assault" (*Dugan v Olson*, 74 AD3d 1131, 1133 [2010]). Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The plaintiff alleges that he was assaulted by an intoxicated patron at approximately 1:30 a.m. on December 1, 2010, at a bar owned by the defendants. In support of their motion, the defendants submitted a copy of the plaintiff's deposition testimony in which he testified that his assailant was at the bar when he arrived around midnight or 12:30 a.m., and that, upon his arrival, his assailant had a glass in his hand and was visibly intoxicated. Further, the defendants also submitted the deposition testimony of the defendant Krystian Kukulski, who tended bar on the night of the incident starting at 8 p.m. Kukulski testified that the plaintiff's assailant was already in the bar when he started tending bar and that he eventually stopped serving the assailant hours later because the assailant was visibly intoxicated (*see Cohen v Bread & Butter Entertainment LLC*, 73 AD3d 600, 601 [2010]). Consequently, the evidence submitted by the defendants failed to eliminate triable issues of fact as to whether they served alcohol to the plaintiff's assailant while he was visibly intoxicated or whether their sale of alcohol to him had a connection to the assault which occurred within their bar (*see Hurtado v Williams*, 112 AD3d 1047, 1048-1049 [2013]; *cf. Dugan v Olson*, 74 AD3d at 1133). In light of the defendants' failure to meet their prima facie burden, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint regardless of the sufficiency of the

plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.