■ JENNIFER LAUINGER, Respondent, v SURF'S OUT AT KIS-MET, LLC, Appellant, et al., Defendants. [20 NYS3d 595]—

In an action, inter alia, to recover damages pursuant to General Obligations Law § 11-101, the defendant Surf's Out at Kismet, LLC, appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated March 26, 2014, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On August 31, 2010, the plaintiff was a passenger on a boat operated by the defendant Vincent G. Savarese (hereinafter

Savarese), and owned by Savarese's father, the defendant Vincent Savarese. The boat ran aground on Nickerson Beach, in Nassau County, and the passengers disembarked. Concerned about Savarese's safety, the plaintiff remained near the boat. Within a very short time after she had disembarked, a large wave caused the boat to tip over and pin her to the beach. The plaintiff commenced this action seeking to recover damages for her injuries. In addition to a cause of action alleging negligence against Savarese and his father, the plaintiff asserted a cause of action alleging a violation of the Dram Shop Act (General Obligations Law § 11-101) against Surf's Out at Kismet, LLC (hereinafter Surf's Out), the owner of a restaurant where Savarese had consumed alcohol earlier that evening. After discovery was completed, Surf's Out moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and Surf's Out appeals.

In moving for summary judgment dismissing the cause of action alleging a violation of the Dram Shop Act, Surf's Out had the burden of demonstrating, prima facie, either that it did not sell alcohol to Savarese when he was visibly intoxicated (*see Covert v Wisla Corp.*, 130 AD3d 966, 967 [2015]; *Conklin v Travers*, 129 AD3d 765, 766 [2015]), or that its sale of alcohol to him when he was visibly intoxicated did not bear a reasonable or practical connection to the plaintiff's injuries (*see Covert v Wisla Corp.*, 130 AD3d at 967; *Tavarez v Sidetracks, LLC*, 128 AD3d 806, 807 [2015]; *Kiely v Benini*, 89 AD3d 807, 809 [2011]). Surf's Out did not meet its burden. Indeed, its moving papers demonstrated that there are triable issues of fact both as to whether Savarese was visibly intoxicated when Surf's Out sold alcohol to him and whether its sale of alcohol to him at that time had a reasonable and practical connection to the plaintiff's injuries. In light of the failure of the moving party to meet its prima facie burden, its motion was properly denied without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.