■ TERELL BALLO, Appellant, v AIMCO 2252-2258 ACP, LLC, Respondent, et al., Defendants. [63 NYS3d 865]—

Order, Supreme Court, New York County (Cynthia S. Kern, J), entered May 31, 2016, which granted the motion of defendant AIMCO 2252-2258 ACP, LLC (AIMCO) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Dismissal of the complaint as against AIMCO was proper in this action for personal injuries sustained by plaintiff when, while standing on the sidewalk outside a bar owned and operated by codefendant P.J. Cocktail Lounge & Restaurant, Inc. (PJ's), he was shot in the foot. The record demonstrates that AIMCO owned the commercial space and had leased it to PJ's, and as a premises owner, AIMCO cannot be held liable in negligence for an assault that occurred on a public street over which it exercised no control (*see Ramsammy v City of New York*, 216 AD2d 234, 236 [1st Dept 1995], *lv dismissed in part*

*and denied in part* 87 NY2d 894 [1995]; *see also White v Celebrity Lounge*, 215 AD2d 650 [2d Dept 1995]).

AIMCO also owed plaintiff no duty of care to prevent the incident since the evidence showed that AIMCO was an out-of-possession landlord when the shooting happened (*see Regina v Broadway-Bronx Motel Co.*, 23 AD3d 255, 256 [1st Dept 2005]), and while it had the right to reenter the premises for the purpose of effecting repairs, there is no evidence that it retained control over the premises or was involved with how PJ's operated its bar (*see Borelli v 1051 Realty Corp.*, 242 AD2d 517, 518 [2d Dept 1997]). The 2009 stipulation of settlement between nonparty City of New York, AIMCO and PJ's regarding a public nuisance action fails to raise a triable issue, because it expired by its own terms before the shooting and did not require AIMCO to do anything with regard to how the bar was being operated.

Furthermore, there are no triable issues as to whether AIMCO is liable to plaintiff for his injuries under the Dram Shop Act (General Obligations Law § 11-101) or Alcoholic Beverage Control Law § 65. There is no evidence that the shooter was underage or visibly intoxicated when the shooting occurred, or that AIMCO had sold him an alcoholic beverage. Concur—Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kahn and Moulton, JJ.