Tansey v Coscia (2018 NY Slip Op 01633)





Tansey v Coscia


2018 NY Slip Op 01633


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-11342
 (Index No. 25282/11)

[*1]Joseph Tansey, appellant-respondent, 
v
Nicholas Coscia, et al., defendants, SNMT Corp., etc., respondent-appellant.


Davis & Ferber, LLP, Islandia, NY (Ian M. Sack of counsel), for appellant-respondent.
Camacho Mauro Mulholland, LLP, New York, NY (Andrea Sacco Camacho of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Hudson, J.), dated September 21, 2015, as denied that branch of his cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of General Obligations Law § 11-101, and the defendant SNMT Corp. cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In the early morning hours of June 12, 2010, the plaintiff allegedly was seriously injured when he was struck in the head by the defendant Nicholas Coscia at a bar owned by the defendant SNMT Corp. (hereinafter SNMT), in Smithtown. The plaintiff thereafter commenced this action to recover damages for personal injuries against, among others, SNMT and Coscia. The plaintiff asserted causes of action against SNMT to recover damages for negligence and a violation of General Obligations Law § 11-101. SNMT moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved for summary judgment on the issue of liability. By order dated September 21, 2015, the Supreme Court denied the motion and the cross motion. The plaintiff appeals from so much of the order as denied that branch of his cross motion which was for summary judgment on the issue of liability on the cause of action to recover damages for a violation of General Obligations Law § 11-101, and SNMT cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
General Obligations Law § 11-101(1), known as the Dram Shop Act, makes a party who unlawfully sells alcohol to another person liable for injuries caused by reason of that person's intoxication (see Adamy v Ziriakus, 92 NY2d 396, 400; Sherman v Robinson, 80 NY2d 483, 486-487). Under Alcoholic Beverage Control Law § 65, it is unlawful to furnish an alcoholic beverage to any "visibly intoxicated person" and any "person, actually or apparently, under the age of twenty-one years" (see Adamy v Ziriakus, 92 NY2d at 400; Sherman v Robinson, 80 NY2d at 486-487).
Here, the Supreme Court properly denied that branch of SNMT's motion which was for summary judgment dismissing the General Obligations Law § 11-101 cause of action, and properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action. The submissions of both parties revealed the existence of triable issues of fact as to whether the bar served alcoholic beverages to Coscia while he was visibly intoxicated, whether the bar served alcoholic beverages to Coscia when it had knowledge or reasonable cause to believe that he was under 21 years of age, and whether there was some reasonable or practical connection between the service of alcohol to Coscia and the plaintiff's injuries (see Lauinger v Surf's Out at Kismet, LLC, 134 AD3d 681, 682; Covert v Wisla Corp., 130 AD3d 966, 967; Conklin v Travers, 129 AD3d 765, 766; Morris v Bianna, Inc., 69 AD3d 910).
In addition, the Supreme Court properly denied that branch of SNMT's motion which was for summary judgment dismissing the negligence cause of action. "Although a property owner must act in a reasonable manner to prevent harm to those on its premises, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control. Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Walfall v Bartini's Pierre, Inc., 128 AD3d 685, 686 [internal quotation marks omitted]; see Kiely v Benini, 89 AD3d 807, 808; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192). Here, SNMT failed to establish, prima facie, that the attack on the plaintiff was not foreseeable (see Walfall v Bartini's Pierre, Inc., 128 AD3d at 686; Rishty v DOM, Inc., 67 AD3d 662, 663; Boyea v Aubin, 65 AD3d 736, 738).
SNMT's remaining contentions are improperly raised for the first time on appeal.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court