Ricaurte v Inwood Beer Garden & Bistro Inc. (2018 NY Slip Op 07242)





Ricaurte v Inwood Beer Garden & Bistro Inc.


2018 NY Slip Op 07242


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7507 153561/16

[*1]Fernando Ricaurte, Plaintiff-Respondent-Appellant,
v
Inwood Beer Garden & Bistro Inc., Defendant-Appellant-Respondent.


Boeggeman, Corde, Ondrovic & Hurley, P.C., White Plains (Jeremy D. Platek of counsel), for appellant-respondent.
Eddy & Associates, PLLC, Elmhurst (Deborah D. Eddy of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered June 11, 2018, which, upon defendant's motion for summary judgment dismissing the complaint, denied the motion as to plaintiff's Dram Shop claim and granted the motion as to plaintiff's common law negligence claim, unanimously reversed, on the law, without costs, to grant the motion as to the Dram Shop Act claim and to deny the motion as to the common law negligence claim.
Defendant was entitled to summary judgment dismissing plaintiff's cause of action under the Dram Shop Act (General Obligations Law § 11-101; see also Alcohol Beverage Control Law § 65). A witness testified that plaintiff's assailant did not appear visibly intoxicated at the time he was served two drinks by defendant. This evidence was sufficient to make out a prima facie showing that the assailant was not visibly intoxicated at the time he was served alcohol, since it is clear from the record that he was not served from that point in time until he attacked plaintiff (see Coffey v Esparra, 88 AD3d 621, 622 [1st Dept 2011]; compare Cohen v Bread & Butter Entertainment LLC, 73 AD3d 600, 601 [1st Dept 2010]). In opposition, plaintiff failed to raise a triable issue of fact, and, therefore, defendant has established its entitlement to judgment as a matter of law dismissing the Dram Shop Act cause of action (see Coffey, 88 AD3d at 622).
The motion for summary judgment dismissing the common law negligence claim, however, should have been denied. While the first assault was sudden and unforseeable, and therefore not actionable, defendant failed to demonstrate as a matter of law that it took reasonable actions to protect plaintiff from the assailant on the second assault and that it was not foreseeable. It is true that the husband of defendant's owner averred that he was escorting the assailant, who appeared to have calmed down "somewhat," from the premises, when he suddenly lunged two or three feet to where plaintiff was standing, and struck him. However, another witness testified that immediately prior to assailant's attack on plaintiff, he did not see anyone accompanying or escorting the assailant while the assailant exited defendant's establishment. This raises issues of fact as to whether defendant took reasonable precautions to prevent the second assault (see generally Deinzer v Middle Country Pub. Lib., 120 AD3d 1292, 1293 [2d [*2]Dept 2014] ["A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK