Denenberg v 268 W. 47th Rest., Inc. (2022 NY Slip Op 06866)

Denenberg v 268 W. 47th Rest., Inc.

2022 NY Slip Op 06866

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 151918/20 595239/21 Appeal No. 16768 Case No. 2022-02153 

[*1]Mariya Denenberg, Plaintiff-Appellant,
v
268 West 47th Rest., Inc. et al., Defendants-Respondents, Anslem Trotman et al., Defendants. [And a Third-Party Action] 

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for respondents.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered April 8, 2022, which, to the extent appealed from, denied plaintiff's motion for summary judgment on liability as against defendants 268 West 47th Rest., Inc., individually and d/b/a Copacabana and 760 8th Ave. Rest., Inc., individually and d/b/a Copacabana (Copacabana), and granted Copacabana's motion for summary judgment dismissing the complaint against it, unanimously modified, on the law, without costs, to deny so much of Copacabana's motion for summary judgment dismissing the claim alleging violation of the Dram Shop Act (General Obligations Law § 11-101), and otherwise affirmed, without costs.
Copacabana was not entitled to summary judgment dismissing the claim alleging violation of the Dram Shop Act (General Obligations Law § 11-101; Alcohol Beverage Control Law § 65 [2]), as it did not satisfy its initial burden of negating the possibility that it served alcohol to a visibly intoxicated person (see Cohen v Bread & Butter Entertainment LLC, 73 AD3d 600, 600-601 [1st Dept 2010]; McGovern v 4299 Katonah, 5 AD3d 239, 240 [1st Dept 2004]). While Copacabana relied on defendant Anslem Trotman's deposition testimony that he arrived to the establishment after having only one beer, and that he did not recall anyone from Copacabana serving him drinks, Trotman's testimony was insufficient to rule out the possibility that he was served alcohol by Copacabana waitstaff while he was visibly intoxicated. Trotman had also testified that he was drunk and could not remember large portions of the night, and his testimony was equivocal as to whether Copacabana waitstaff served him drinks or whether he purchased additional alcohol beyond what came with his party package. The remaining evidence submitted by Copacabana was insufficient to satisfy its prima facie burden because it was not based on personal knowledge of Copacabana employees as to whether Trotman was visibly intoxicated. In any event, plaintiff's evidence raised triable issues of fact as to whether Troutman was served while visibly intoxicated.
Plaintiff was also not entitled to summary judgment on liability, as the record raises issues of fact as to whether Trotman was served by Copacabana waitstaff, or by the party promoter renting out the premises, and whether Trotman was served alcohol while being visibly intoxicated. Plaintiff's evidence that Trotman had a high blood alcohol content before leaving Copacabana, alone, was sufficient to establish plaintiff's entitlement to judgment as a matter of law.
Plaintiff's common-law negligence was properly dismissed, as the accident that resulted in plaintiff's injuries occurred off Copacabana's premises (see Hurtado v Williams, 112 AD3d 1047, 1049 [3d Dept 2012]). The claim for punitive damages was also properly dismissed, as there is no independent cause of action for punitive damages (Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 617-618 [2d Dept 2012]), and plaintiff failed [*2]to establish a basis for such damages.
We have considered the parties' remaining contentions for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022