Bauseman v Pamdh Enters. Inc. (2023 NY Slip Op 05355)

Bauseman v Pamdh Enters. Inc.

2023 NY Slip Op 05355

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 26314/16 Appeal No. 878 Case No. 2022-02429 

[*1]Allen Bauseman et al., Plaintiffs-Appellants,
v
Pamdh Enterprises Inc. Doing Business as Katra Lounge, Defendant-Respondent.

Law Office of Daniel Levy, LLP, Bronx (Daniel Levy of counsel), for appellants.
Kiernan Trebach, LLP, New York (Steven H. Rosenfeld of counsel), for respondent.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered on or about May 16, 2022, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiffs' claim based on violation of the Dram Shop Act, unanimously reversed, on the law, without costs, and plaintiffs' claim under General Obligations Law § 11-101 reinstated.
Defendant failed to establish its prima facie entitlement to summary judgment dismissing plaintiffs' claim based on violation of the Dram Shop Act (General Obligations Law § 11—101; Alcoholic Beverage Control Law § 65[2]). "[A] defendant when moving for summary judgment cannot merely point to gaps in the plaintiffs' evidence, but must affirmatively demonstrate entitlement to summary judgment" (Ballard v Sin City Entertainment Corp., 188 AD3d 554, 555 [1st Dept 2020]; see Cohen v Bread & Butter Entertainment LLC, 73 AD3d 600 [1st Dept 2010]).
Although defendant's manager testified about employee training and practices generally, his testimony regarding the incident at issue—including, inter alia, that he did not know whether any patrons were intoxicated on the date of the alleged incident, that he was not aware of anyone being asked to leave the establishment due to intoxication during the month of the incident, and that defendant did not keep records of intoxicated individuals—failed to carry defendant's initial burden. Defendant's further "reli[ance] on plaintiffs' inability to prove that the assailants were served alcohol or were intoxicated" was similarly insufficient to carry its prima facie burden (Ballard, 188 AD3d at 555).
We have considered the parties' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023