Brown v Z-Live Inc. (2025 NY Slip Op 03242)

Brown v Z-Live Inc.

2025 NY Slip Op 03242

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Index No. 27128/19|Appeal No. 3752|Case No. 2024-03047|

[*1]Darrick O. Brown, Plaintiff-Respondent,
v
Z-Live Inc., Doing Business as Stage 48, et al., Defendants-Appellants, Klevis Vulaj et al., Defendants.

Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Payne Tatich of counsel), for appellants.
Bernstone and Grieco, LLP, New York (Steve S. Efron of counsel), for respondent.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered on or about April 19, 2024, which denied the motion of defendants Z-Live Inc. d/b/a Stage 48, Z-Live Inc. d/b/a Sky Lounge and Restaurant, Z-Live Inc. d/b/a Rooftop 48, Z-Live Inc. d/b/a Cantina Rooftop, Z-Live Inc. d/b/a Z-bar (collectively, Z-Live) for summary judgment dismissing the complaint as against them, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that he was the victim of an assault by defendants Vulaj and Balidmaj while working at a Verizon construction site. The only evidence connecting the alleged assailants in this action to Z-Live is plaintiff's testimony that he saw the two men exit through doors that led to event venue Stage 48, event venue Level 3, and restaurant Cantina Rooftop, all businesses operated by Z-Live that were located about 100 feet away from the site. Z-Live's manager's testimony concerning the training of employees and his investigation once receiving notice of this suit, namely, his review of security tape, search of incident reports for the evening, and conversation with the doorman who had been on duty that evening to confirm the lack of incidents, was sufficient to make out a prima facie showing of entitlement to summary judgment (see Hirsch v Solares, 166 AD3d 463, 464 [1st Dept 2018]; Zamore v Bar None Holding Co., LLC, 73 AD3d 601, 602 [1st Dept 2010]). There is no evidence, circumstantial or otherwise, that the assailants were ever inside one of Z-Live's establishments, let alone sold alcoholic beverages by Z-Live's staff (compare Bauseman v Pamdh Enters. Inc., 220 AD3d 561 [1st Dept 2023]; Denenberg v 268 W. 47th Rest., Inc., 211 AD3d 404 [1st Dept 2022]). Thus, plaintiff's Dram Shop claims are not viable.
Plaintiff's negligence claims must be dismissed as abandoned due to plaintiff's failure to oppose their dismissal during motion practice (see Gamez v Sandy Clarkson LLC, 221 AD3d 453, 454-455 [1st Dept 2023]; Sancino v Metropolitan Transp. Auth., 184 AD3d 534, 535 [1st Dept 2020]). In any event, Z-Live cannot be liable for the assault, which occurred 100 feet away from the establishments at a Verizon construction site (see Ballo v AIMCO 2252-2258 ACP, LLC, 155 AD3d 582, 582 [1st Dept 2017]).
Plaintiff argues that security personnel from the club heard the commotion and ran over to help stop the assault, but he does not explain how that could impart liability on defendants.
All concur except Kapnick and Rodriguez, JJ. who dissent
in part in a memorandum by Rodriguez, J. as follows:

RODRIGUEZ, J. (dissenting in part)
 

I dissent to the extent the majority concludes that Z-Live is entitled to summary judgment with respect to plaintiff's claim alleging violation of the Dram Shop Act. As Supreme Court held, Z-Live failed to meet their prima facie burden to establish entitlement to judgment as a matter of law. Rather than submitting evidence negating [*2]any element of the claim, Z-Live merely pointed to gaps in plaintiff's proof, which "is insufficient in the context of summary judgment" (Martin v City of New York, 191 AD3d 152, 156 [1st Dept 2020]; see e.g. Kolakowski v 10839 Assoc., 185 AD3d 427, 428 [1st Dept 2020]). Notwithstanding the majority's remarks to the contrary, Z-Live's manager testified that after receiving notice of the lawsuit he performed no investigation related to the claim. The manager's limited testimony otherwise failed to carry Z-Live's prima facie burden (see e.g. Bauseman v Pamdh Enters. Inc., 220 AD3d 561, 561 [1st Dept 2023]; Denenberg v 268 W. 47th Rest., Inc., 211 AD3d 404, 404-405 [1st Dept 2022]), and the record contains no further affidavits from either party. Accordingly, "the summary judgment burden never shifted to plaintiff" (Vasquez v Jerome Gas Corp., 173 AD3d 526, 527 [1st Dept 2019]), and I would therefore affirm the motion's denial with respect to the Dram Shop claim.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025